OPINION OF THE COURT
Jan H. Plumadore, J.
The defendant has entered a plea of guilty to attempted sexual abuse in the first degree in satisfaction of superior court information No. 141-80 which charged him with sexual abuse in the first degree. The felony complaint upon which the defendant had been bound over for the action of the Grand Jury charged him solely with rape in the first degree. This court must now decide if the plea entered is a proper one. The real issue to be determined is: may a defendant waive indictment and consent to and be prosecuted by a superior court information that charges only a lesser included offense of the one upon which the defendant had been originally held for Grand Jury action?
*153 The applicable constitutional provision in New York is found in section 6 of article I. In the interpretation of that provision New York has assumed a rather unique position. It is not unusual to treat the subject of prosecution by indictment, and the waiver thereof, in a State’s Constitution (42 CJS, Indictments and Informations, §73). It is, however, unusual, i.e., the minority position, to treat waiver of indictment questions as jurisdictional, and something more than the exercise of a merely personal right or privilege (56 ALR2d 837, §3, p 839). New York State has nonetheless adopted the principle that prosecution of “ ‘a capital or otherwise infamous crime’ ” by indictment by a Grand Jury is a fundamental public right, jurisdictional in nature, and nonwaivable in the absence of a constitutional provision allowing for it. (People ex rel. Battista v Christian, 249 NY 314, 317; Matter of Simonson v Cahn, 27 NY2d 1, 3-4.)
The initial pronouncement of the principle was made in a case decided at a time when there was no constitutional provision for waiving prosecution by indictment, only a rather short-lived statutory one. (People ex rel. Battista v Christian, supra, which invalidated a 1925 statute [Code Crim Pro, § 222] in 1928.) The principle was subsequently strongly reiterated in a case where there was neither legislative enactment nor constitutional authority, just the consent of all the parties presumably concerned. (Matter of Simonson v Cahn, supra, at p 3.) In that case, the Court of Appeals (per Chief Judge Fuld) stated (pp 3-4): “ TWlaiver [of indictment] is not permitted where a question of jurisdiction or fundamental rights is involved and public injury would result. A privilege, merely personal, may be waived; a public fundamental right, the exercise of which is requisite to jurisdiction to try, condemn and punish, is binding upon the individual and cannot be disregarded by him. The public policy of the State as expressed in the Constitution, takes precedence over his personal wish or convenience.’ ” (Emphasis supplied.) Prior to 1974, therefore, prosecution of “a capital or otherwise infamous crime” could be accomplished only through indictment by a Grand Jury.
Effective January 1, 1974, section 6 of article I of the State Constitution was amended to allow for a waiver of *154 prosecution by indictment; enabling legislation (CPL art 195) was subsequently enacted. Section 6 of article I was amended to read in pertinent part as follows: “No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury, except that a person held for the action of a grand jury upon a charge for such an offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney; such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his counsel.” (Emphasis supplied.)
CPL article 195 was then enacted “to implement * * * the waiver of indictment constitutional amendment” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, 1980-1981 Pocket Part, CPL art 195, p 133). For the purposes of the instant case, the crucial statutory provision is CPL 195.20, which reads in pertinent part as follows: “A waiver of indictment shall be evidenced by a written instrument, which shall contain * * * the name, date and approximate time and place of each offense to be charged in the superior court information to be filed by the district attorney pursuant to section 195.40. The offenses named may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40.” (Emphasis supplied.)
The issue raised by the instant case is one of apparent first impression. It can be resolved only by recourse to the general principles of statutory construction, as applied to CPL article 195 in general and to CPL 195.20 in particular. Through the application of those general principles, and for the several reasons set forth below, this court interprets the statute to mean that a superior court information must include any offense for which the defendant was held for action of a Grand Jury and may also include any other offense or offenses properly joinable therewith.
LEGISLATIVE INTENT
“The primary consideration of the courts in the construction of statutes is to ascertain and give effect to the *155 intention of the Legislature.” (McKinney’s Cons Laws of NY, Book 1, § 92, subd a, p 176.) That can ordinarily be determined from the words of the statute, by reading the statute literally and giving to its terms “their usual, ordinary, and commonly accepted meaning.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94.) “Where, however, after a reading of the statute, its meaning is still not clear, courts must search for legislative intent in the purpose of the enactment, and from such facts and through such rules as may, in connection with the language, legitimately reveal it. Thus it is said that the quest for legislative intent requires the courts to pierce all disguises of verbal expression, and go straight to the purpose of the bill, aided by formulated rules when they serve, but bound by no rules that hinder discovery of such intent. All available aids to statutory construction should be explored in determining the meaning and intendment of statutes” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 92, subd b, pp 183-184; emphasis supplied).
There can be no doubt that the wording of CPL article 195 (and particularly the wording of CPL 195.20) has caused a good deal of difficulty and confusion. This court has heard interpretations of what a superior court information may or must contain that range from “anything the District Attorney chooses to put in it” to “only that which was set forth in the original felony complaint.” This court must therefore seek to find the “purpose of the bill.”
The overriding purpose of the Legislature in enacting CPL article 195 is clear enough: “The basic purpose of this bill, and the constitutional amendment it implements, is to allow a defendant who wishes to go directly to trial without waiting for a grand jury to hand up an indictment to do so. The waiver of indictment procedure will permit such a defendant to obtain a speedier trial and will save time and expense expended in unnecessary grand jury proceedings. The waiver of indictment should also reduce the backlog of cases presently awaiting grand jury action and reduce the time that defendants who want their cases presented to a grand jury must wait before an indictment is handed down. *156 With fewer matters, grand juries should also be able to give more careful consideration to those cases which require their attention.” (NY Legis Ann, 1980, p 10; see, also, NY Legis Ann, 1980, p 388.)
That statement of purpose does not import, nor even imply, that the Legislature intended to also make such substantive changes in the criminal law as: providing a means by which the plea bargaining restrictions of CPL 220.10 might be avoided (see Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, 1980-1981 Pocket Part, CPL 195, p 133); or excusing the District Attorney from his obligation, mandated by CPL 190.55 (subd 2, par [a]), to “prosecute” a defendant for those felonies for which he has been held for Grand Jury action. (See, generally, McKinney’s Cons Laws of NY, Book 1, Statutes, § 221 et seq., Statutes In Pari Materia.) The purpose of the Legislature was to allow for the elimination of one procedural step in the progress of a prosecution from the local criminal court to the superior court. The intention was never to work wholesale changes in other parts of the Criminal Procedure Law. The reading this court has accorded to the statute accomplishes the Legislature’s purpose without working substantial and unintended changes in other portions of the law. (Cf. Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, 1980-1981 Pocket Part, CPL art 195, p 133.)
CONSTRUCTION OF THE STATUTE’S TERMS
It is this court’s conclusion that the terms of CPL 195.20 must be strictly construed. Since the effective date of the constitutional amendment and the enactment of the enabling legislation, the Court of Appeals, even if only through footnote, has reaffirmed (1) that prosecution by indictment (and its waiver) are strictly matters of New York constitutional law, and (2) that prosecution by indictment of a Grand Jury remains a “fundamental public right,” to which there is now but a “single exception.” (People v Iannone, 45 NY2d 589, 593, ns 3, 4; see, also, People v Smith, 86 Misc 2d 1032, 1034.) This court deems that a strong signal from the Court of Appeals that courts considering questions arising under CPL article 195 *157 should construe its provisions strictly. The general rules of statutory interpretation support this conclusion. (See, generally, McKinney’s Cons Laws of NY, Book 1, Statutes, §§271, 276; cf. McKinney’s Cons Laws of NY, Book 1, Statutes, §301; see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, §213, “Exceptions”, pp 372-373; cf. McKinney’s Cons Laws of NY, Book 1, Statutes, § 325.) Since the strictly construed “fundamental public right” principle df prosecution by indictment continues to be a viable concept in New York constitutional law, it logically follows that the new “single exception” to that principle should likewise be narrowly and strictly construed. Such a construction would perforce mean a reading of the terms of the constitutional amendment and the statute in such a way as to make them specific and limiting, and not merely guidelines for the exercise of nonjudicial discretion. That in turn leads to the conclusion that an offense for which a defendant has been held for the action of the Grand Jury must appear on the superior court information. (NY Const, art I, § 6; CPL 195.20.) Professor Joseph W. Bellacosa, a member of the Judicial Conference’s Advisory Committee on the CPL, in his Practice Commentary to CPL 195.20, agrees. “The constitutional exception * * * appears to limit the waiver procedure to offenses Tor which the defendant was held for the action of a grand jury’ i.e., those specified in the felony complaint.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, 1980-1981 Pocket Part, CPL 195.20, p 135; emphasis supplied.) The Honorable Harold E. Collins, in the only reported case to date on this subject, also concurs.
“The only exception carved out of this established constitutional principle arises by virtue of the recent amendment and occurs where a person accused of an offense has been held for action of the Grand Jury upon a charge for that particular offense. Under such singular circumstances a person may waive indictment and consent to be prosecuted by an information in relation to the charge for which he was held in the local criminal court.
“In view of the limitations expressed in the Constitution, the implementing statutes, as contained in the CPL, as would be expected, similarly restrain the utilization of the *158 waiver of indictment process.” (People v Smith, supra, at p 1034; emphasis supplied.)
It is a basic precept of statutory construction that mandatory effect (i.e., “must”) can be given to “permissive or discretionary words” (i.e., “may”) when required by the context of the statute, by the facts surrounding the statute’s enactment, or to effectuate the legislative intent. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 177, subd b.) Furthermore, a statute must not be given a construction which would make it an absurdity. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 145.) Finally, “it is familiar law that a statute should be construed so as to avoid doubts concerning its constitutionality”. (Matter of Lorie C., 49 NY2d 161, 171; Matter of New York Post Corp. v Leibowitz, 2 NY2d 677, 687; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd c, p 324.) CPL 195.20 does read that a superior court information “may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith” (emphasis supplied.) It is this court’s opinion that “may”, with respect to “any offense for which the defendant was held for action of a Grand Jury”, is to be read “must”. “May”, with respect to joinable offenses, is properly read as “may”. Such a reading both squares the statute with the constitutional amendment and, at the same time, avoids an absurdity. If the District Attorney may charge in a superior court information a “joinable therewith” offense without charging the offense for which the defendant is held for Grand Jury action, upon what basis is the determination of joinability made? There is no basic criminal charge to which other offenses may be joined “therewith”. “Therewith” is an adverb meaning “with that.” (Webster’s New Collegiate Dictionary [1977 ed].) Any other interpretation of the statute would not provide a “that” for other offenses to be joined “with”; it does however provide an absurdity which the rules of statutory construction require be rejected. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 145.) Furthermore, had the Legislature not used the conjunction “and”, but had chosen instead the wording “or any offense or offenses joinable therewith,” a different interpretation might be required. *159 But the legislators did not do so, and though some might dispute it, they are presumed to have expressed themselves accurately. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 365.) The use of the conjunction “and” clearly indicates an intention that joinable offenses might be included in a superior court information only in addition to “any offense for which the defendant was held for action of a grand jury”. Nothing in the “context of the statute and the surrounding circumstances indicate that the lawmakers have made an error in the choice of words” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 365, p 534.) Nothing in the constitutional amendment or the statute indicates that the Legislature intended to create an “either * * * or” situation. The superior court information must therefore at least charge the offense for which the defendant was held for Grand Jury action.
LEGISLATIVE HISTORY
There is one final consideration which supports this court’s interpretation of CPL 195.20.
On an issue of statutory construction, “legislative history is extremely valuable to sound decision-making” (People v Whidden, 51 NY2d 457, 462; see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 124,125). A look at the legislative history of CPL article 195 indicates that, as originally drafted by the “Advisory Committee on the CPL”, article 195 contained the following provision as part of CPL 195.10: “3. The written instrument of waiver must contain the name of the specific offense or offenses to be charged in the felony information. Each such offense must be (a) designated in the accusatory part of the felony complaint, or (b) supported by the factual part of the felony complaint or any supporting depositions which may accompany it, or (c) supported by any evidence introduced at a hearing upon the felony complaint conducted pursuant to section 180.60.” (McKinney’s Session Laws of NY, 1974, pp 1835-1836.) The Legislature did not choose to enact this rather broad version of the statute. Instead, the legislators chose to limit and narrow what could be charged in the superior court information. They retained paragraph (a), and eliminated paragraphs (b) and (c), above. As passed, *160 the superior court information could contain “any offense for which the defendant was held for action of [the] grand jury” (CPL 195.20). That language is very similar to the language contained in the constitutional amendment, much more so than that used in the bill as originally proposed. The only discretion left to the prosecutor in the statute as passed was that “joinable” offenses (not included in the original felony complaint) could also be included in the superior court information. Questions of constitutionality aside, had the bill been enacted in its original form, the issue in the Smith case (86 Misc 2d 1032, supra), of raising the charge in the superior court information from that in the felony complaint, might have been resolved differently. It would have been at least statutorily possible to raise the charge if the “factual part of the felony complaint” or “supporting depositions” or “evidence introduced at (the felony) hearing” could support an increased charge. Clearly then, it was the intention of the Legislature to limit what a superior court information might charge. That limitation: any offense for which the defendant has been held for Grand Jury action, and any offense joinable with that charge.
For all of the foregoing reasons, this court concludes that the pertinent portion of CPL 195.20 must be read as follows: The offenses named must include any offense for which the defendant was held for action of a Grand Jury and may also include any other offense or offenses properly joinable therewith. The court notes with interest Professor Bellacosa’s statement calling into question the constitutionality of that portion of the statute concerning joinable offenses. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, 1980-1981 Pocket Part, CPL 195.20, p 135.) For present purposes, no comment on that is necessary at this time.
In the instant case, the defendant was held for the action of the Grand Jury on a charge of rape in the first degree. The superior court information subsequently filed did not contain that charge. That accusatory instrument is therefore jurisdictionally defective, void, and a nullity. (Cf. People ex rel. Battista v Christian, 249 NY 314, supra; Matter of Simonson v Cahn, 27 NY2d 1, supra.) This court *161 therefore being without jurisdiction to entertain any prosecution based on superior court information No. 141-80, it is hereby
ordered that defendant’s plea of guilty to attempted sexual abuse in the first degree be and hereby is vacated; and it is further
ordered that superior court information No. 141-80 charging the defendant with sexual abuse in the first degree be and hereby is dismissed; and it is further
ordered that the People be and hereby are granted leave to present this matter to the Grand Jury.