OPINION OF THE COURT
Allen Beldock, J.
On May 18, 1988 the defendant and codefendants, Richard *29 Cobb and Barbara Barrows, were arrested and formally charged in a felony complaint under Queens County Criminal Court docket numbers 8Qol7868, 8Qol7869 and 8Qol7870 with the crimes of criminal possession of a weapon in the third degree and criminally possessing a hypodermic instrument.
On May 19, 1988 the defendant and his codefendants were arraigned in the Criminal Court of the City of New York, Queens County. The case was adjourned until June 3, 1988 at the request of codefendant Cobb in order for him to retain an attorney. All three defendants were released on their own recognizance by the court.
On June 3, 1988 the matter appeared on the docket calendar of courtroom — Part W-50. The District Attorney represented that they would require an adjournment in order to present the case to the Grand Jury. Later that day, after plea negotiations, the attorney representing defendant Humiston indicated that a disposition had been reached which would resolve this matter against all three defendants. As a result of the plea bargaining, defendant, in open court, agreed to waive his right to be prosecuted by an indictment and entered a plea of guilty to superior court information No. 3088/88 charging him with attempted criminal possession of a weapon in the third degree, a class E felony. The superior court information was filed with the court and signed by the defendant, Defense Attorney Harold King, Jr., Assistant District Attorney Frank Kelly, and Judge Allen Beldock. The court promised to sentence defendant to a term of five years’ probation. As part of the plea bargaining process, the District Attorney made an application requesting that the charges against codefendants Barrows and Cobb be dismissed. This application was granted by the court.
Defendant has now filed the instant motion seeking the permission of this court to allow him to withdraw his plea of guilty and to restore this matter as a felony complaint in the Criminal Court.
Defendant challenges the validity of the plea based on his assertion that the law does not permit a defendant to waive an indictment and consent to be prosecuted by a superior court information that charges only a lesser included offense of the offense upon which defendant had been originally held for Grand Jury action. Defendant relies on People v Herne (110 Misc 2d 152) to support his position.
*30 Initially, it must be noted that the conditions necessary for effectuating a valid waiver of indictment existed herein. As CPL 195.10 (1) illustrates, a defendant may waive indictment and consent to be prosecuted by a superior court information when:
"(a) a local criminal court has held the defendant for the action of a grand jury; and
"(b) the defendant is not charged with a class A felony; and
"(c) the district attorney consents to the waiver.”
The above three requisites were fully accomplished in the instant case. The Criminal Court record demonstrates that on June 3, 1988 the presiding Judge executed a written endorsement on the court papers indicating that the case was being held over for Grand Jury action. Secondly, the defendant was not charged with a class A felony, to wit: criminal possession of a weapon in the third degree. The third requirement of the statute was realized when the District Attorney, in open court, executed his written consent to the waiver of indictment.
Defendant contends that this court acted in derogation of CPL 195.20 by accepting a plea from defendant on a superior court information charging attempted criminal possession of a weapon in the third degree when the highest crime charged in the felony complaint was criminal possession of a weapon in the third degree. Defendant argues that this court does not possess jurisdiction to accept this plea on a crime which is a lesser included offense of the offense which defendant was charged with in the felony complaint and held for Grand Jury action thereon. This court rejects defendant’s argument and declines to adopt either the holding or reasoning employed by the Herne court.
CPL 195.20, in pertinent part, reads: "The offense * * * named [in the superior court information] may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40.” (Emphasis added.) In People v Heme (supra), the court adopted a strict and narrow construction of this section and held that a superior court information which only included a lesser included offense for which the defendant was expressly held for Grand Jury action was jurisdictionally defective, void and a nullity. This court rejects such a narrow interpretation and holds that a broad construction of CPL 195.20 is necessary to effectuate the goals and objectives sought by the Legislature when it implemented *31 the constitutional amendment providing for the enactment of a "waiver of indictment” statute. The Herne court interpretation creates an unwarranted impediment in the workings of the criminal justice system. This court rejects the position embraced in Heme that the basic purpose of CPL article 195 is to allow a defendant who wishes to go directly to trial without waiting for a Grand Jury to hand up an indictment to do so. (See, People v Herne, supra, at 155.) Indeed, this may be the primary purpose of a superior court information in Franklin County where Herne was decided, but certainly not in New York City where the sheer volume of cases entering the system on a daily basis is staggering.
This court chooses to adopt the analysis of Judge Bellacosa of the New York Court of Appeals. Judge Bellacosa has stated in the Practice Commentary to CPL 195.10 that: "In my original commentary I expressed the 'hope and expectation’ that 'utilization of this waiver of indictment — thus bypassing the grand jury in appropriate felony prosecutions other than class A felonies — will result in speedier and equally fair dispositions.’ * * * The prediction was accurate that it was 'not likely that the procedure will be utilized, other than when an accused knows very early that he wishes to and will plead guilty, because the accused who expects to go to trial will not so easily relinquish his potential Rosario * * * advantages, be they real or merely tactical.’ ” (See, McKinney’s Cons Laws of NY, Book 11 A, at 380; emphasis added.) The court takes judicial notice that the "waiver of indictment” mechanism is utilized in the courts of New York City as a tool to effectuate swift and fair plea dispositions. Rarely, if ever, does a New York City prosecutor’s office employ a superior court information as the operative accusatory instrument when proceeding to trial.
Moreover, a lesser included offense is such an integral component of the higher offense that any interpretation that seeks to absolutely prohibit a plea to a superior court information charging a lesser included offense of the charge contained in the felony complaint must be viewed with disfavor. The appellate court has demonstrated such a respect for the extraordinary relationship existing between an offense and the lesser included offenses thereof that they have prohibited the lower courts from dismissing an indictment or top count thereof where the evidence presented to the Grand Jury is legally insufficient to support said charge, but nevertheless is legally sufficient to make out a lesser included offense (even if *32 said lesser included offense is not encompassed in the indictment). (See, People v Makatura, 102 AD2d 832.)
Furthermore, unlike the situation in Herne (supra), the utilization of the waiver of indictment in the instant case did not in any manner either circumvent or offend the plea bargaining restrictions imposed by CPL 220.10 (5). In Herne, however, the court improperly accepted a plea to an attempted sexual abuse in the first degree, a class E felony, from a defendant charged in a felony complaint with rape in the first degree, a class B violent felony offense. Clearly, the Herne court acted in derogation of the plea bargaining restrictions set forth in CPL 220.10, which required that the defendant in Heme plead guilty to no less than a class D violent felony offense. The plea accepted in the case at bar neither offends nor circumvents any statutory plea bargaining limitations. Defendant having been charged in the felony complaint with criminal possession of a weapon in the third degree pleaded guilty to a superior court information charging attempted criminal possession of a weapon in the third degree. Such a plea comports with the guidelines of CPL 220.10.
Moreover, this court also rejects Herne’s finding that the plea bargaining restrictions of CPL 220.10 are to be guided solely by the top charge levied in the felony complaint. Such a view is illogical and inconsistent with the analysis drawn by Judge Bellacosa that: "The logical, consistent, definitional and perhaps constitutionally mandated approach would be to equate the superior court information to an indictment for purposes of the plea bargaining limitations of article 220. This is precisely what the legislature did by amending CPL section 200.10, including a superior court information within the definition of an indictment except as used in article 190, the grand jury article. Thus, for all practical purposes the terms 'superior court information’ and 'indictment’ should have the identical functional effect and legal meaning within the operation of the CPL.” (Bellacosa, McKinney’s Cons Laws of NY, Book 11 A, CPL 195.10, at 381.) Furthermore, a review of CPL 220.10 indicates that no mention whatsoever is made of the term "felony complaint”. Moreover, any requirement that defendant’s plea bargaining be controlled by the felony complaint would be ludicrous and demonstrate a misunderstanding of the workings of the criminal justice system in New York City. Rarely does a day go by where a multitude of felony complaints are not reduced by the District Attorney to misdemeanor charges. A statistical analysis compiled by the *33 Queens County District Attorney’s Office indicates that from January 1, 1989, through June 23, 1989, a total of 6,317 felony complaints have been disposed of in this courtroom (AP 6). The records indicate that 2,444 of these cases were reduced to misdemeanor charges, 2,154 were converted into indictments, and 1,024 were dismissed. Thus, 55% of the felony complaints were either dismissed outright or relegated to misdemeanor status, while only 34% of them resulted in indictments. (The remaining 11% resulted in either misdemeanor pleas, felony pleas, pleas to violations, or other dispositions.) Thus, it is clearly evident that the regulation of plea bargaining based on the felony complaint is clearly unacceptable in New York City. It would lead to an incredible backlog of cases in addition to grossly inequitable results for defendants. Perhaps the less voluminous caseload in Franklin County where the Herne court resides allows for their adoption of other procedures, but such is untenable in New York City.
This court holds that a defendant may waive indictment and plead guilty to a superior court information that charges only a lesser included offense of the one which defendant is held for Grand Jury action as long as the dictates of CPL 195.10 are satisfied. Thus, it must be emphasized that this particular procedure may not be employed where defendant is charged in the felony complaint with a class A felony. (See, CPL 195.10 [1] [b].)
The court further finds that defendant’s moving papers fail to set forth sufficient facts constituting a basis for entitling defendant to an evidentiary hearing. (See, People v Frederick, 45 NY2d 520; People v Tinsley, 35 NY2d 926.)
Defendant’s motion seeking the permission of the court to allow him to withdraw his plea of guilty is hereby denied.