■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER MENCHETTI, Appellant.—Judgment unanimously reversed on the law, superior court information dismissed, and defendant remanded to Erie County Court for further proceedings on the felony complaint, in accordance with the following memorandum: Defendant was charged in a felony complaint with criminal possession of a weapon, third degree, a class D felony. Defendant was arraigned before a Supreme Court Justice, sitting as a local Criminal Court. Defendant waived a felony hearing on the charge and was held for action of the Grand Jury. On the same day, defendant waived indictment

and agreed to be prosecuted by superior court information charging criminal possession of a weapon, fourth degree, a class A misdemeanor. Defendant entered a plea of guilty to that charge and was given a one-year definite sentence.

On appeal, defendant argues that the superior court information was defective because it failed to charge the offense for which he was held for Grand Jury action (NY Const, art I, § 6; CPL 195.20, 200.15). We agree. A superior court information that charges only a lesser included offense of that for which defendant was held for Grand Jury action is jurisdictionally defective *(see, People v Herne,* 110 Misc 2d 152). We are persuaded by the court's reasoning in *People v Herne (supra,* at 156) that the Legislature, in proposing the amendment to NY Constitution, article I, § 6, and in enacting CPL article 195 governing waiver of indictment, did not intend that the procedure should be used to avoid the plea bargaining restrictions of CPL 220.10. (Appeal from judgment of Erie County Court, Francis, J.—criminal possession of weapon, fourth degree.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.