OPINION OF THE COURT
David D. Egan, J.
The defendant was convicted in Monroe County Court on 10 charges, to wit, 3 charges of attempted rape, first degree, 2 charges of assault, second degree, 1 charge of attempted sexual abuse, first degree, 3 charges of petit larceny and 1 charge of attempted assault, third degree, arising out of attacks on 5 women. The People have requested that the court adjudicate and certify the defendant as a second violent felony offender for purposes of enhanced sentencing.
*615 The People’s request is based on the defendant’s prior conviction in Onondaga County Court pursuant to a superior court information (waiver) of sexual abuse, first degree (Penal Law § 130.65 [1]), a class D violent felony. The defendant was originally charged with robbery, second degree, a class C violent felony, sexual abuse, first degree, and assault, second degree, a class D violent felony. These charges were in connection with incidents which occurred in the City of Syracuse, February 28, 1987, which were referred to the Grand Jury by the local court.
On April 28, 1987 the defendant waived indictment to the second highest count which was referred to the Grand Jury, sexual abuse, first degree, and consented to be prosecuted by a superior court information charging that offense. He then pleaded guilty to the superior court information.
The offenses named in a superior court information "may include any offense for which the defendant was held for action of a grand jury”. (CPL 195.20.)
In this case Hunter pleaded guilty to a class D felony contained in the superior court information and which was referred to the Grand Jury. However, the superior court information did not include the class C and the other class D felony which were referred to the Grand Jury also.
A superior court information that charges only a lesser included offense of that for which defendant was held for Grand Jury action is jurisdictionally defective. (People v Menchetti, .154 AD2d 886 [4th Dept, Oct. 1989].) In Menchetti the defendant was charged by the superior court information with a misdemeanor which was not one of the charges referred to the Grand Jury and which would have been prevented by the statutory plea-bargaining limitations. The Menchetti court said (at 887) "that the Legislature, in proposing the amendment to NY Constitution, article I, § 6, and in enacting CPL article 195 governing waiver of indictment, did not intend that the procedure should be used to avoid the plea bargaining restrictions of CPL 220.10” citing People v Herne (110 Misc 2d 152 [1981]).
The Menchetti case (supra) involved a superior court information that did not contain any of the charges referred to the Grand Jury and violated the plea-bargaining restrictions of CPL 220.10.
In the Herne case (supra) a charge of rape, first degree, a class B violent felony was referred to the Grand Jury, the *616 superior court information charged sexual abuse, first degree, a class D violent felony and defendant pleaded guilty to attempted sexual abuse, first degree, a class E nonviolent felony. So that, as in Menchetti (supra), the Herne case involved a superior court information that did not contain any charge referred to the Grand Jury and the plea violated the plea-bargaining restrictions of CPL 220.10.
The superior court information used, and the plea taken, in this defendant’s case did not come within the fact pattern disapproved by the courts in Menchetti (supra) and Herne (supra). Brian Hunter’s superior court information contained one of the charges (although not the highest) that were referred to the Grand Jury and there was no violation of the plea-bargaining restrictions of CPL 220.10.
Where the superior court information contains at least one of the charges referred to the Grand Jury and that information and the plea thereon do not violate the plea-bargaining restrictions of CPL 220.10, it is not jurisdictionally defective.
Accordingly, the defendant’s, challenge to the validity of his conviction of the class D violent felony of sexual abuse, first degree, is denied and the People’s motion to adjudicate the defendant as a second violent felony offender is granted.