OPINION OF THE COURT
David D. Egan, J.
The defendant was convicted of forgery, second degree, upon his plea to á superior court information with a sentence promise of two to four years as a second offender.
At the time of sentence defendant challenged his second felony offender status. Defendant contends that his prior conviction based on a superior court information (waiver) was jurisdictionally defective citing People v Menchetti (154 AD2d 886 [1989]).
Charges of robbery, third degree (Penal Law § 160.05 [class *650 D felony]) and grand larceny, fourth degree (Penal Law § 155.30 [4], [5] [class E felonies]) were lodged against the defendant arising from an incident on March 26, 1988. Those charges were referred to the Grand Jury by the local court. The defendant pleaded guilty to a superior court information charging him with grand larceny, fourth degree (Penal Law § 155.30 [5]).
Although the superior court information contained a lesser of the charges referred to the Grand Jury, it was not a lesser included offense as the defendant contends. (People v Glover, 57 NY2d 61 [1982]; People v Ford, 62 NY2d 275 [1984].)
The Menchetti case (supra), and People v Herne (110 Misc 2d 152 [1981]) cited in Menchetti, involved a superior court information that did not contain any charge referred to the Grand Jury and the plea violated the plea-bargaining restrictions of CPL 220.10.
Where the superior court information contains at least one of the charges referred to the Grand Jury and that information and the plea thereon do not violate the plea-bargaining restrictions of CPL 220.10, it is not jurisdictionally defective.
Accordingly, the defendant’s challenge to the validity of his prior conviction of grand larceny, fourth degree, is denied and the People’s motion to adjudicate the defendant as a second felony offender is granted.