■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YVETTE RAMOS, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Orleans County Court, Miles, J.—attempted assault, second degree.) Present—Dillon, P. J., Doerr, Denman, Green and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TIMOTHY HYMES, Respondent.—Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: In 1987 defendant was held for the Grand Jury on a charge of criminal possession of a controlled substance in the third degree. On October 20, 1987 defendant waived indictment and pleaded guilty to attempted criminal possession of a controlled substance in the third degree on a superior court information.

In 1989 defendant was indicted for criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), i.e., possessing a firearm after having been previously convicted of a crime. The predicate crime was the offense to which defendant pleaded guilty in 1987.

Relying on our decision in *People v Menchetti* (154 AD2d 886), County Court dismissed the indictment because it was "not supported by a jurisdictionally valid crime." Subsequently, the Court of Appeals reversed our decision *(People v Menchetti,* 76 NY2d 473). As a consequence, the superior court information on which defendant entered a plea was not jurisdictionally defective, as conceded by defendant, and the indictment herein is reinstated. (Appeal from order of Monroe County Court, Maloy, J.—dismiss indictment.) Present—Dillon, P. J., Doerr, Denman, Green and Lowery, JJ.