OPINION OF THE COURT
Alexander, J.
This appeal requires us to consider the circumstances under which a criminal defendant may waive indictment consistent with the requirements of article I, § 6 of the State Constitution and article 195 of the Criminal Procedure Law. We conclude that because a defendant is held for the action of a Grand Jury on both the offense charged in the felony complaint as well as its lesser included offenses, a waiver of indictment by plea to a superior court information charging only a lesser included offense comports with the constitutional and statutory requirements and therefore that defendant’s waiver of indictment was effective.
I
After an incident in which defendant fired a gun during an *475 altercation on a public street, he was charged in a felony complaint with criminal possession of a weapon in the third degree. At his arraignment before a Supreme Court Justice, sitting as a local criminal court, defendant waived a felony hearing on the charge and was held for the action of a Grand Jury. In accordance with plea negotiations that day, defendant executed a waiver of indictment and agreed to be prosecuted by superior court information charging criminal possession of a weapon in the fourth degree. Such an information was filed, defendant pleaded guilty to that charge and was sentenced.
The Appellate Division reversed and dismissed the superior court information, reasoning that the information was jurisdictionally defective because it did not charge the same offense as the offense charged in the felony complaint. A Judge of this court granted the People leave to appeal.
II
On this appeal, defendant challenges the superior court information to which he pleaded, arguing that it is defective because it charged an offense different from that in the felony complaint. Specifically, the felony complaint charged defendant with third degree criminal possession of a weapon and the information charged fourth degree criminal possession of a weapon. Alternatively, defendant argues that even if the information may properly charge a lesser included offense of that charged in the complaint, the information in this case is defective because fourth degree criminal possession of a weapon is not a lesser included offense of third degree possession. The Appellate Division, relying on People v Heme (110 Misc 2d 152) held the information jurisdictionally defective because, in its view, both article I, § 6 of the Constitution and CPL 195.20 require that the information charge the same offense as that charged in the felony complaint (People v Menchetti, 154 AD2d 886). We disagree and conclude that the Constitution and statute require only that the information charge an offense for which the defendant was held for Grand Jury action, and that such an offense includes a lesser included offense of one charged in the felony complaint.*
*476 In 1974, article I, § 6 of the State Constitution was amended to provide a single exception to the constitutional requirement that a person charged with an infamous offense be prosecuted by indictment. As amended, section 6 provides that "a person held for the action of a grand jury upon a charge for [an infamous] offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney; such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his counsel.”
To implement this constitutional amendment, the Legislature enacted CPL article 195 (L 1974, ch 467). Consistent with the language of the Constitution, the statute provides that waivers of indictment are permissible only when a local criminal court has held the defendant for Grand Jury action, the defendant has not been charged with a class A felony, and the District Attorney consents (CPL 195.10 [1]). CPL 195.10 (2) provides that the waiver must occur in either "(a) the local criminal court in which the order was issued holding the defendant for action of the grand jury, at the time such order is issued; or (b) the appropriate superior court, at any time prior to the filing of an indictment by the grand jury.” CPL 195.20, in accordance with article I, § 6, provides that the waiver of indictment must be evidenced by a written instrument which lists the offenses to be charged in the superior court information. Moreover, the statute further provides that "[t]he offenses named may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith” (CPL 195.20).
The purpose of both the constitutional amendment and the implementing statute is "to allow a defendant who wishes to go directly to trial without waiting for a grand jury to hand up an indictment to do so” (Mem of State Executive Dept, 1974 McKinney’s Session Laws of NY, at 2006, 2007; see also, 1973 NY Legis Ann, at 6). In so doing, the defendant can obtain a speedier disposition of the charges against him and the State is spared the time and expenses of unnecessary Grand Jury proceedings (Mem of State Executive Dept, 1974 McKinney’s Session Laws of NY, at 2007; see, People v D’Amico, 76 NY2d 877 [decided today]). Thus although the constitutional requirement of prosecution by indictment implicates the personal rights of the defendant as well as a fundamental public right (People v Boston, 75 NY2d 585; Matter of Simon- *477 son v Cahn, 27 NY2d 1; People ex rel. Battista v Christian, 249 NY 314), it was hoped that this waiver procedure would "speed disposition of serious cases and help to clear congested court calendars, without infringing upon the defendant’s basic rights or the right of society to adequate protection” (1971 Public Papers of Gov Rockefeller, at 49, 1151, 1152 [1971 Ann Message to Legislature]).
Contrary to defendant’s contentions, nothing in article I, § 6 mandates that the superior court information charge each and every offense in the felony complaint; rather, that section permits "a person held for the action of a grand jury upon a charge” of an infamous offense to waive indictment and "consent to be prosecuted on an information filed by the district attorney” (emphasis added). In fact, section 6 contemplates that the offenses charged in the information may not mirror those in the complaint and thus requires that the written waiver expressly state the charges to be included in the information (NY Const, art I, § 6). The plain language of the amendment does not require that the information contain the precise "charge” for which the defendant was held even though the waiver of indictment is necessarily a waiver of indictment on that charge.
Moreover, CPL 195.20, in describing the offenses to be charged in the information, provides that they "may include any offense for which the defendant was held for action of a grand jury” (emphasis added). Since a defendant is held for the action of the Grand Jury on the lesser included offenses as well as a greater offense charged in the felony complaint (see, CPL 190.65, 210.20 [1] [b]; 210.30 [1]), CPL 195.20 plainly permits waiver upon an information charging only a lesser included offense of the offense charged in the felony complaint (see, People v Humiston, 145 Misc 2d 28; compare, People v Smith, 86 Misc 2d 1032 [holding jurisdictionally defective an information charging a greater offense than that charged in the felony complaint]).
Defendant argues however, that notwithstanding the plain language of CPL 195.20, to permit waiver of indictment by a plea to an information charging only a lesser included offense to that charged in the felony complaint might contravene the plea-bargaining restrictions in CPL 220.10 and permit CPL 195.20 to operate as a means to avoid those restrictions (see generally, People v Heme, 110 Misc 2d, at 156, supra). We need not address this issue because here the plea to the information did not in any way violate the restrictions of CPL 220.10.
*478 Finally, we reject defendant’s alternative contention that the information in this case is jurisdictionally defective in any event because the offense it charged is not a lesser included offense of the offense charged in the felony complaint. Penal Law § 265.02 (4) provides that the offense charged in the felony complaint, criminal possession of a weapon in the third degree, is committed when one "possesses any loaded firearm” in a place other than his home or business. A person commits criminal possession of a weapon in the fourth degree, the offense charged in the information, when "he possesses any firearm” (Penal Law § 265.01 [1]). Because it is impossible to commit third degree possession without also committing fourth degree possession (People v Glover, 57 NY2d 61, 64) fourth degree possession is a lesser included offense of third degree possession (People v Weeden, 89 AD2d 814; compare, People v Ali, 36 NY2d 880).
We conclude, therefore, that the information charging defendant with a lesser included offense of the offense charged in the felony complaint properly charged an offense for which he was held for Grand Jury action. Thus the information contained no jurisdictional defect and defendant’s waiver of indictment was effective.
Accordingly, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division for consideration of the facts (CPL 470.40 [2] [b]; 470.25 [2] [d]).
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

 This argument may be reviewed on appeal because, as we have recently noted, an infringement upon the right to prosecution by indictment is jurisdictional and cannot be waived by guilty plea (People v Boston, 75 NY2d 585, 587; see also, People v Patterson, 39 NY2d 288, 295, affd 432 US 197).