■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIANO A. ZANGHI, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant's contention that the superior court information to which he pleaded guilty is defective because it charged "a greater offense than that charged in the felony complaint" lacks merit *(see, People v Menchetti,* 76 NY2d 473; *cf., People v Smith,* 86 Misc 2d 1032). Since the "Constitution and statute require only that the information charge *an* offense for which the defendant was held for Grand Jury action" *(People v Menchetti, supra,* at 475 [emphasis added]), we conclude that such an offense includes a greater offense than that charged in the underlying felony complaint. The superior court information, therefore, was not jurisdictionally defective and defendant effectively waived indictment.

Upon our review of the record and a consideration of the relevant factors, we conclude that the court did not abuse its discretion in denying defendant youthful offender treatment *(see, People v Ortega,* 114 AD2d 912, *lv denied* 67 NY2d 887), and we decline to exercise our discretion in the interest of justice to grant such relief. Finally, we find no basis for disturbing the sentence imposed. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Criminal Possession Stolen Property, 3rd Degree.) Present—Denman, J. P., Green, Balio, Lowery and Davis, JJ.