OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the guilty plea vacated, the superior court information dismissed and the case remitted to the Supreme Court, Erie County, for further proceedings in accordance with this memorandum.
Defendant was charged, by felony complaint, with fourth degree criminal possession of stolen property (Penal Law § 165.45 [5]) and third degree unauthorized use of a vehicle (Penal Law § 165.05 [1]). Following his arraignment, defendant waived a preliminary hearing and was held for Grand Jury action with respect to those charges. Two weeks later, defendant executed a written waiver of indictment and consented to be prosecuted on an information charging him with third degree criminal possession of stolen property (Penal Law § 165.50). He then pleaded guilty to that charge, and a judgment of conviction was entered against him.
On appeal from the judgment, defendant argued that his guilty plea should be vacated because the information on which he was prosecuted was jurisdictionally defective. Specifically, he argued that when indictment is waived pursuant to article I, § 6 of the NY Constitution (NY Const, art I, § 6), the accusatory instrument on which the defendant is to be prosecuted must contain either the offense for which he was held for Grand Jury action or one or more lesser included offenses and may not contain an offense greater than that charged in the original felony complaint. Thus, according to defendant, *817 the information on which he was prosecuted, which charged him with criminal possession in the third degree rather than the fourth degree crime on which he was arraigned, was unauthorized and could not serve as a proper jurisdictional predicate for his guilty plea. Although the Appellate Division, relying on People v Menchetti (76 NY2d 473), rejected this contention, we agree with the arguments advanced by defendant.
As a threshold matter, since an infringement of defendant’s right to be prosecuted only by indictment implicates the jurisdiction of the court, the claim may be reviewed even though defendant did not object to being prosecuted on the information he now claims was defective and, in fact, consented to be prosecuted on it (see, People v Boston, 75 NY2d 585, 589, n). Further, because it is jurisdictional, an infringement upon the right to be prosecuted by indictment is not waived by the entry of a guilty plea (People v Menchetti, supra, at 475, n; People v Boston, supra, at 589, n).
As to the merits, the Constitution provides that a person may be tried for an "infamous” crime only upon an indictment issued by a Grand Jury, except in one narrow circumstance: where "a person held for the action of a grand jury upon a charge for [an infamous] offense * * * waive[s] indictment * * * and consents] to be prosecuted on an information filed by the district attorney” (NY Const, art I, § 6). CPL 195.20, which implements this constitutional provision, provides that "[a] waiver of indictment shall be evidenced by a written instrument” that designates "each offense to be charged in the * * * information.” Under CPL 195.20, "[t]he offenses named may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to [CPL] 200.20 and 200.40.”
In People v Menchetti (supra, at 475), we construed the constitutional and statutory provisions as requiring "that the information charge an offense for which the defendant was held for Grand Jury action.” While, as we held in Menchetti, the "offense” referred to in the statute may be deemed to include all lesser included offenses of the same crime (id., at 475), it cannot also be deemed to include greater offenses, which have additional aggravating elements (see, People v Smith, 86 Misc 2d 1032, cited in People v Menchetti, supra, at 477).
*818 Contrary to the People’s contention, the existence in the factual portion of the felony complaint of sworn allegations that may have been sufficient to establish the additional element necessary for the higher offense is irrelevant in this context. Since the crime charged in the accusatory part of the felony complaint was fourth degree criminal possession, any allegations tending to prove that additional element were mere surplusage and their sufficiency need never have been considered by the arraigning court. Consequently, it cannot be said, in any sense, that the higher crime of third degree criminal possession was an "offense for which the defendant was held for action of a grand jury” (CPL 195.20).
Finally, we reject the People’s argument that the information here was jurisdictionally sufficient because the offense it alleged was one that was "properly joinable” with the "offense for which the defendant was held” (see, CPL 195.20). The language of CPL 195.20 makes clear that where "joinable” offenses are included, the information must, at a minimum, also include at least one offense that was contained in the felony complaint ("offenses named [in the information] may include any offense for which the defendant was held * * * and any offense or offenses properly joinable therewith” [emphasis supplied]). Since the information here did not meet that criterion, it is unnecessary for us to decide in this case whether CPL 195.20’s provision for including joinable offenses along with the offense for which the defendant was held is consistent with the constitutional provisions for waiver of indictment (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 195.20, at 383).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.