THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS J. JORDAN, Appellant. [891 NYS2d 768]—

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered January 24, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Erie County Court for further proceedings on the superior court information.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]) and assault in the second degree (§ 120.05 [2]), defendant contends that his plea of guilty to attempted robbery was illegal under CPL 195.20 and 220.20

because that crime was not a lesser included offense of any charge on which he was held for grand jury action and thus that his plea must be vacated because the superior court information (SCI) was jurisdictionally defective. We reject that contention. Defendant was held for grand jury action on a charge of attempted robbery in the first degree under subdivision (2) rather than subdivision (3) of Penal Law § 160.15, but he was charged in the SCI with the commission of a crime under subdivision (3) and was ultimately convicted under that subdivision. Pursuant to CPL 195.20, however, "the offenses named in an SCI may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to [CPL] 200.20" (*People v Kohl*, 19 AD3d 1155, 1156 [2005] [internal quotation marks omitted]). A defendant is "held for the action of the [g]rand [j]ury on the lesser included offenses as well as a greater offense charged in the felony complaint" (*People v Menchetti*, 76 NY2d 473, 477 [1990]; *see People v Goforth*, 36 AD3d 1202, 1203 [2007], *lv denied* 8 NY3d 946 [2007]). Here, the record establishes that defendant was held for grand jury action on a charge of assault in the first degree (Penal Law § 120.10 [1]), and the count of assault in the second degree charged in the SCI is a lesser included offense of assault in the first degree (*see* CPL 1.20 [37]; *see generally People v Glover*, 57 NY2d 61, 63 [1982]). Inasmuch as the count of attempted robbery in the first degree under subdivision (3) of Penal Law § 160.15 was joinable with the count of assault in the second degree charged in the SCI (*see* CPL 200.20 [2] [a]; *see also* CPL 40.10 [2]), defendant's instant jurisdictional challenge is without merit.

We agree with defendant, however, that the plea must be vacated because it was not knowingly, intelligently and voluntarily entered. " ' [W]here a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a postallocution motion' " (*People v Boyd*, 12 NY3d 390, 393 [2009], quoting *People v Louree*, 8 NY3d 541, 545-546 [2007]; *see People v Maracle* [appeal No. 2], 60 AD3d 1336 [2009]). Here, the record establishes that County Court failed to advise defendant of the postrelease supervision component of the sentence to be imposed on the conviction of attempted robbery, and incorrectly advised defendant of the duration of the period of postrelease supervision that would follow defendant's term of incarceration on the conviction of assault. Contrary to the People's contention, harmless error analysis does not apply in the event that the court fails to advise a

defendant of a period of postrelease supervision (*see People v Hill*, 9 NY3d 189, 192 [2007], *cert denied* 553 US —, 128 S Ct 2430 [2008]). Although defendant correctly contends that his waiver of the right to appeal is invalid (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Moorer*, 63 AD3d 1590 [2009]), that is of no moment inasmuch as defendant's contention with respect to postrelease supervision would survive even a valid waiver of the right to appeal (*see People v Dillon*, 67 AD3d 1382 [2009]; *People v Cullen*, 62 AD3d 1155, 1156 [2009], *lv denied* 13 NY3d 795 [2009]). Thus, the judgment must be reversed, the plea vacated, and the matter remitted to County Court for further proceedings on the SCI (*see People v Rivera*, 51 AD3d 1267 [2008]).

In view of our determination, we do not address defendant's remaining contentions. Present—Hurlbutt, J.P., Centra, Fahey, Carni and Pine, JJ.