[930 NE2d 176, 904 NYS2d 255]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAR-
CELLUS PIERCE, Appellant.

Argued January 14, 2010; decided February 16, 2010

**POINTS OF COUNSEL**

*Legal Aid Bureau of Buffalo, Inc.,* Buffalo (*Timothy P. Murphy, David C. Schopp* and *Barbara J. Davies* of counsel), for appellant. Appellant's superior court information (SCI) plea to criminal possession of stolen property in the third degree was illegal under CPL 195.10 (1) (a) and 195.20, as it was a higher charge than the one for which appellant was held for action of

the grand jury. Further, the charges in the SCI are not "join-able." Finally, the "joinable" provision of CPL 195.20 is unconstitutional. (*People v Trueluck,* 88 NY2d 546; *People v Zanghi,* 79 NY2d 815; *People v Menchetti,* 76 NY2d 473; *People v Boston,* 75 NY2d 585; *People v Glover,* 57 NY2d 61; *People v Van Norstrand,* 85 NY2d 131; *People v D'Amico,* 76 NY2d 877; *People v Goforth,* 36 AD3d 1202; *People v Bushman,* 130 Misc 2d 491; *People v McClain,* 24 AD3d 1271.)

*Frank A. Sedita, III, District Attorney,* Buffalo (*Michael J. Hillery* and *Donna A. Milling* of counsel), for respondent. I. Neither the Criminal Procedure Law nor expository case authority prohibits joinder in a superior court information of a greater offense than that for which defendant was held for grand jury action. (*People v Zanghi,* 79 NY2d 815; *People v Menchetti,* 76 NY2d 473.) II. The joinder provision of the Criminal Procedure Law is consonant with article I, § 6 of the New York Constitution. (*People v Bright,* 71 NY2d 376; *People v Menchetti,* 76 NY2d 473; *People v Shapiro,* 50 NY2d 747; *People v Trueluck,* 88 NY2d 546.) III. The charges of third-degree criminal possession of stolen property and fourth-degree grand larceny are similar in law.

**OPINION OF THE COURT**

GRAFFEO, J.

Defendant waived indictment and pleaded guilty to a superior court information (SCI) charging him with two offenses: grand larceny in the fourth degree, an offense for which he had been held for action by the grand jury in a superior court felony complaint; and criminal possession of stolen property in the third degree, a charge included on the theory that it was joinable with the grand larceny offense under Criminal Procedure Law §§ 195.20 and 200.20 (2) (c). Because the criminal possession offense was not properly joined with the grand larceny charge, defendant's conviction must be reversed and the SCI dismissed.

The charges in this case arose from allegations that defendant committed two unrelated crimes in 2007. In January 2007, the People contend that defendant stole $1,100 by deceiving the victim into turning over his bank card and then withdrawing funds from the victim's account. In connection with this incident, in addition to misdemeanor offenses charged in separate accusatory instruments, a felony complaint was filed in Buffalo City Court charging defendant with grand larceny in

the fourth degree (Penal Law § 155.30 [1]). A few weeks later, defendant was allegedly found in possession of a vehicle that had previously been reported stolen. Defendant purportedly attempted to flee when stopped by the police and, after being placed under arrest, he was found with a pipe containing crack cocaine residue. This circumstance resulted in the filing of a felony complaint in Buffalo City Court charging defendant with criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]), as well as various misdemeanor charges.

On separate dates, defendant was arraigned on each set of charges in Buffalo City Court. Thereafter, defendant was held for action of the grand jury on the felony offenses and those matters were divested to Supreme Court. The local court felony complaint pertaining to the grand larceny charge was subsequently dismissed and, pursuant to a plea agreement reached with the defense, the District Attorney filed a new superior court felony complaint charging defendant with grand larceny in the fourth degree. In open court, defendant signed a written waiver of indictment and agreed to be prosecuted by SCI charging him with the same offense in the superior court felony complaint—grand larceny in the fourth degree—together with an additional offense of criminal possession of stolen property in the third degree. Defendant then allocuted to his guilt on both charges with the understanding that concurrent sentences would be imposed and he would be treated as a second felony offender rather than a persistent felony offender. At sentencing, defendant was adjudicated a second felony offender based on two prior felony convictions and Supreme Court imposed the agreed-upon sentence of $3^1/2$ to 7 years on the possession of stolen property count and $1^1/2$ to 3 years on the grand larceny count, to be served concurrently.

Although he had waived his right to appeal when he entered his guilty plea, defendant appealed his conviction and, relying on our decision in *People v Zanghi* (79 NY2d 815, 817 [1991]), argued to the Appellate Division that the criminal possession of stolen property count was not properly included in the SCI. The Appellate Division affirmed the conviction (57 AD3d 1397 [2008]) and a Judge of this Court granted defendant leave to appeal (12 NY3d 786 [2009]).

The requirement that felony charges be prosecuted by indictment is grounded in the New York Constitution which, since 1974, has contained an exception allowing defendants to waive indictment under certain circumstances. Article I, § 6 provides:

"No person shall be held to answer for a capital or otherwise infamous crime . . . unless on indictment of a grand jury, except that a person held for the action of a grand jury upon a charge for such an offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney; such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his or her counsel."

Enacted to implement the constitutional amendment, Criminal Procedure Law article 195 established a procedure that allows for the waiver of indictment and prosecution by a new form of accusatory instrument—a superior court information defined in Criminal Procedure Law § 200.15 (*see* L 1974, ch 467). CPL 195.10 (1) states that

"[a] defendant may waive indictment and consent to be prosecuted by superior court information when:

"(a) a local criminal court has held the defendant for the action of a grand jury; and

"(b) the defendant is not charged with a class A felony . . . ; and

"(c) the district attorney consents to the waiver."[1]

CPL 195.20 directs that the waiver of indictment shall be in writing and further authorizes that "[t]he offenses named may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40."

For purposes of waiver of indictment, a charge that is a lesser included offense of a crime charged in the felony complaint is viewed as the "same offense" and may be substituted for the original charge in a waiver of indictment and SCI (*see People v Menchetti*, 76 NY2d 473 [1990]). But there is an exception to this rule when the felony complaint charges a class A felony for which waiver of indictment is not permitted. In that case, a

---

1. As this Court noted in *People v Boston* (75 NY2d 585, 588 [1990]), CPL 195.10 is in some respects more restrictive than article I, § 6. For example, the statute contains a temporal limitation on waiver of indictment—authorizing waiver "at any time prior to the filing of an indictment by the grand jury" (CPL 195.10 [2] [b])—a limitation that does not appear in the Constitution.

defendant generally may not agree to be prosecuted on an SCI that contains a lesser included offense since such a substitution would be nothing more than an "end run" around the statutory prohibition against the use of a waiver of indictment by a defendant held for grand jury action on a complaint charging such a class A felony (*see People v Trueluck*, 88 NY2d 546 [1996]; *cf. People v D'Amico*, 76 NY2d 877 [1990]).

> "[T]he basic objective of article 195 was to permit waiver of indictment for defendants who wished to go directly to trial without waiting for a grand jury to hand up an indictment, to do so. The statutory procedures were thus aimed at affording a defendant the opportunity for a speedier disposition of charges as well as eliminating unnecessary Grand Jury proceedings" (*People v Boston*, 75 NY2d 585, 588-589 [1990] [internal quotation marks and citations omitted]).

The bill jacket for the legislation creating CPL article 195 also indicates that the new procedure was intended to facilitate plea bargaining (Mem by Staff Attorney of Law Rev Commn, Bill Jacket, L 1974, ch 467, at 5-6).

In this case, it is undisputed that the waiver of indictment and SCI were intended to effectuate a plea agreement between the People and the defense. In separate accusatory instruments, defendant was charged in local criminal court with grand larceny in the fourth degree, a class E felony relating to the theft incident, and criminal possession of stolen property in the fourth degree, a class E felony arising from the motor vehicle incident. The People then filed a superior court felony complaint charging defendant with the same fourth-degree grand larceny offense for which he had been held for action of the grand jury and defendant waived indictment and agreed to be prosecuted by SCI for that offense and the third-degree stolen property charge.

In placing those two offenses in the same SCI, the People relied on the joinder provision in CPL 195.20 directing that offenses for which indictment may be waived "include any offense for which the defendant was held for action of a grand jury" (here, the grand larceny offense in the superior court felony complaint) "and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40." The People's theory was that the stolen property charge could be joined with the grand larceny offense under CPL 200.20 (2) (c) because the two

offenses were "the same or similar in law." By consenting to plead guilty under these circumstances, defendant avoided multiple prosecutions and the probable imposition of consecutive sentences in the event of his conviction on two unrelated crimes. He also secured a promise that he would be sentenced as a second felony offender. Of course, the fact that the plea may have been beneficial to both parties does not preclude a subsequent challenge to the jurisdictional validity of the SCI. Our precedent makes clear that the parties must comply with the constitutional and statutory requirements relating to waiver of indictment; in this context, advantageous ends do not justify improper means.

On appeal in this Court, defendant challenges the validity of the waiver of indictment and SCI on three grounds.[2] First, based on our decision in *Zanghi*, he argues that the inclusion of the third-degree possession of stolen property offense in the SCI was improper. Next, even if reversal is not warranted under *Zanghi*, he asserts that the joinder of the possession of stolen property offense with the grand larceny charge in the SCI did not meet the requirements of CPL 200.20 (2) (c). Finally, if joinder was proper under CPL 200.20 (2) (c), he maintains that CPL 195.20 is unconstitutional insofar as it purports to allow waiver of indictment and prosecution by SCI for "joined offenses" that were not previously charged in a felony complaint. We conclude that our decision in *Zanghi* does not compel a reversal but we agree that joinder of the criminal possession offense was impermissible under CPL 200.20 (2) (c). We therefore dismiss the SCI on that basis, making it unnecessary for us to reach defendant's constitutional challenge to the CPL 195.20 joinder provision.

### Defendant's *Zanghi* Argument

Relying on *Zanghi*, defendant contends that, regardless of whether the two charges were properly joined under CPL 195.20

---

**2.** Although defendant did not raise any of these arguments in Supreme Court—to the contrary, he waived indictment both orally and in writing and expressly agreed to be prosecuted under this SCI—the People do not dispute that he can pursue these claims on direct appeal because this Court has held that the improper inclusion of an offense in a waiver of indictment and SCI is a jurisdictional deficiency that is not subject to the preservation rule and may not be waived (*see Boston*, 75 NY2d at 589 n; *Zanghi*, 79 NY2d at 817; *see generally People v Cuadrado*, 9 NY3d 362 [2007] [a defendant must raise this type of claim on direct appeal and a failure to do so will preclude a CPL 440.10 collateral attack on the conviction]).

and 200.20 (2) (c), the possession of stolen property charge could not be included in the waiver of indictment and SCI because it is a class D felony—a higher grade crime than the class E grand larceny charge in the superior court felony complaint, or the class E possession of stolen property offense, one of the charges for which he was held for grand jury action. In *Zanghi*, defendant was charged in a felony complaint with criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree. He later waived indictment and consented to be prosecuted on an SCI charging him with criminal possession of stolen property in the third degree, a charge to which he pleaded guilty. The waiver of indictment and SCI were deemed invalid in *Zanghi* because CPL 195.20 requires that the SCI charge an offense for which defendant was held for action of the grand jury. This means that the SCI must either charge defendant with the same crime as the felony complaint or a lesser included offense of that crime (*see Menchetti, supra*). The *Zanghi* SCI did not charge defendant with either of the offenses that had been included in the felony complaint, nor was the SCI charge a lesser included offense of either of the crimes in the felony complaint. To the contrary, the third-degree stolen property charge was of a higher grade than the fourth-degree stolen property offense included in the felony complaint.

It is clear from our precedent that "[t]he waiver procedure is triggered by the defendant being held for Grand Jury action on charges contained in a felony complaint . . . and it is in reference to those charges that its availability must be measured" (*D'Amico*, 76 NY2d at 879; *Trueluck*, 88 NY2d at 551, quoting *D'Amico*). In *Zanghi*, no triggering offense derived from the felony complaint appeared in the SCI. The People in that case tried to overcome this fundamental deficiency by suggesting that the charge in the SCI would have been joinable with either of the offenses in the felony complaint. But we rejected that contention, noting that "CPL 195.20 makes clear that where 'joinable' offenses are included, the information must, at a minimum, also include at least one offense that was contained in the felony complaint" (79 NY2d at 818). Since that minimum criterion was not met in *Zanghi*, vacatur of the guilty plea and dismissal of the SCI was required.

We are presented with a different scenario in this case. The exact offense that was charged in the superior court felony complaint—grand larceny in the fourth degree—was included in the waiver of indictment and charged in the SCI. Thus, the

triggering offense omitted from the SCI in *Zanghi* was present here. It is true that the SCI also contained another charge arising from a separate incident—criminal possession of stolen property in the third degree—and this is an offense of higher grade or degree than the grand larceny offense. But this, standing alone, does not establish the invalidity of the waiver of indictment and SCI under *Zanghi*. We did not discuss in that case what types of offenses would have been joinable had a proper triggering offense been set forth in the SCI. To be sure, a *Zanghi* violation would have occurred here if the People had attempted to rely on the local court felony complaint charging defendant with fourth-degree criminal possession of stolen property to support the waiver of indictment relating to the third-degree version of that offense. Instead, the People's rationale was that the third-degree stolen property offense was joinable with the grand larceny offense, the triggering offense included in both the felony complaint and SCI. Because reversal is not warranted based on the analysis in *Zanghi*, we must proceed to defendant's next argument—that the possession of stolen property offense was not properly joined with the grand larceny charge under CPL 200.20 (2) (c).

### Joinder under CPL 200.20 (2) (c)

CPL 195.20 states that the offenses for which indictment may be waived "include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to [CPL] 200.20 and 200.40." CPL 200.15, the statute defining a superior court information, contains the same language, with the added limitation that an information may not include a charge not listed in defendant's written waiver of indictment. An information is therefore governed by the same joinder rules as an indictment, in keeping with the legislative directive that "[a] superior court information has the same force and effect as an indictment and all procedures and provisions of law applicable to indictments are also applicable to superior court informations" (CPL 200.15). In fact, the term "indictment" encompasses superior court informations and they are treated identically everywhere in the CPL except in article 190 where the operations of the grand jury are addressed (*see* CPL 200.10).

CPL 200.20 and 200.40 are the general joinder provisions that determine, in all contexts, whether offenses are properly included in the same indictment or, if there are multiple

indictments, whether they may be consolidated for a single trial. Joinder of charges involving a single defendant is addressed in CPL 200.20 (2). Paragraph (a) of that subdivision authorizes joinder of multiple charges if they are based on the same criminal transaction. Paragraph (b) permits joinder of charges arising from different criminal transactions if proof of the first offense would be material and admissible as evidence in chief in the trial of the second offense. In this case, the People relied on paragraph (c) of the subdivision which authorizes joinder when, "[e]ven though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]). This is the broadest of the three categories and, for this reason, where counts are joined under CPL 200.20 (2) (c), the trial court has the discretion to grant an application for severance if it determines that the offenses should be tried separately to avoid undue prejudice to the defense (CPL 200.20 [3]; *see e.g. People v Shapiro*, 50 NY2d 747 [1980]).

Of course, no severance application was made in this case since defendant agreed to the joinder of the two offenses in the written waiver of indictment and SCI, and he then pleaded guilty. The issue here is whether the criminal possession of stolen property count that was not charged in the superior court felony complaint was "the same or similar in law" to the grand larceny offense so that its inclusion in the SCI on a joinder theory complied with the requirements of CPL 195.20. CPL 200.20 (2) (c) is typically relied on when a person is alleged to have violated the same Penal Law provision on two or more occasions (*see e.g. People v Jenkins*, 50 NY2d 981 [1980] [two separate robberies were properly joined in a single indictment]) or has been charged with comparable criminal conduct in discrete incidents, such as multiple sexual assaults (*see Shapiro, supra* [sexual assault counts were properly joined but defendant's application for discretionary severance should have been granted because defendant would be unduly prejudiced by a joint trial of the charges]; *People v Hunt*, 39 AD3d 961 [3d Dept 2007], *lv denied* 9 NY3d 845 [2007] [sexual assault counts were properly joined and court did not abuse its discretion in denying severance application]; *People v Clark*, 24 AD3d 1225 [4th Dept 2005], *lv denied* 6 NY3d 832 [2006] [rape and sodomy charges were properly joined]). Offenses will not be deemed sufficiently similar to support joinder under CPL 200.20 (2) (c) if the offenses

do not share any elements and the criminal conduct at the heart of each crime is not comparable (*see e.g. People v Dabbs*, 192 AD2d 932 [3d Dept 1993], *lv denied* 82 NY2d 707 [1993] [kidnapping and coercion charges were not sufficiently similar to support joinder]).

█ A comparison of the two charges that were joined in this case reveals little, if any, commonality. The stolen property offense stemmed from the police discovering defendant in possession of a car that had previously been reported stolen.

> "A person is guilty of criminal possession of stolen property in the third degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when the value of the property exceeds three thousand dollars" (Penal Law § 165.50).

The grand larceny charge arose from an incident in which defendant allegedly obtained a bank card by false pretenses and then withdrew funds from the victim's account without authorization. "A person is guilty of grand larceny in the fourth degree when he steals property and when . . . [t]he value of the property exceeds one thousand dollars" (Penal Law § 155.30 [1]). Viewed in the broadest sense, both offenses involve misappropriated property—but that is where any similarity ends. The crimes do not have comparable elements and the essential nature of the criminal conduct is quite distinct, as is evident from the underlying allegations. We therefore conclude that the third degree criminal possession of stolen property charge was not sufficiently similar in law to be properly included in the waiver of indictment and SCI on the theory that it was joinable with the grand larceny offense. As we have previously determined, the improper inclusion of an offense in a waiver of indictment and SCI is a jurisdictional defect that, when raised on direct appeal, requires reversal of the conviction and dismissal of the SCI.

## Defendant's Constitutional Argument

Finally, defendant claims that, insofar as CPL 195.20 allows waiver of indictment and prosecution by SCI of offenses for which defendant was not held for action by the grand jury (i.e., offenses never charged in a felony complaint) on the rationale that they are joinable with a charge that was the subject of a felony complaint, the statute is inconsistent with New York

Constitution, article I, § 6 and is therefore unconstitutional. At the very least, defendant suggests that the Constitution compels that CPL 195.20 be interpreted to preclude joinder of offenses that are higher in grade or degree than the triggering offense for which defendant was held for action of the grand jury.[3] We recognized in *Zanghi* that the constitutionality of the joinder provision was an open question but we did not reach the issue in that case because none of the offenses in the prior felony complaint had been included in the SCI, a statutory violation that rendered the accusatory instrument jurisdictionally deficient (*see* 79 NY2d at 818). Here, where reversal is also warranted on a statutory basis, albeit on a different rationale, we follow the same course and do not address defendant's constitutional arguments.

Accordingly, the order of the Appellate Division should be reversed, the guilty plea vacated, the superior court information dismissed and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order reversed, defendant's guilty plea vacated, superior court information dismissed and case remitted to Supreme Court, Erie County, for further proceedings in accordance with the opinion herein.

---

3. Read literally, CPL 195.20 does not require that offenses joined with the triggering offense be of the same or lesser degree. Beyond the prohibition on waiver of indictment of certain class A felonies, which would preclude their inclusion under a joinder theory, the only restriction on joinder that appears in CPL 195.20 is that additional offenses included in the waiver of indictment and SCI must be joinable with the triggering offense under CPL 200.20 or 200.40. Those statutes also do not bar joinder of offenses based on their grade or degree.