■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR G. BLAYLOCK, Appellant. [2 NYS3d 806]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Gulotta, Jr., J.), rendered May 18, 2011, convicting him of criminal possession of a weapon in the second degree, attempted criminal possession of a weapon in the second degree, and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Leon Tracy for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Matthew W. Brissenden, 666 Old Country Road, Suite 501, Garden City, N.Y., 11530, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated September 14, 2011, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that potentially nonfrivolous issues exist, including, but not necessarily limited to, whether the appellant's plea of guilty was knowing, voluntary, and intelligent (*see People v Lopez*, 71 NY2d 662, 666 [1988]) and whether the superior court information was jurisdictionally defective (*see People v*

*Pierce*, 14 NY3d 564, 574 [2010]; *People v Zanghi*, 79 NY2d 815, 818 [1991]; *People v Menchetti*, 76 NY2d 473, 477 [1990]). Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Rivera, J.P., Hall, Roman, Cohen and Barros, JJ., concur.