People v Coss (2019 NY Slip Op 07445)





People v Coss


2019 NY Slip Op 07445


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

109336

[*1]The People of the State of New York, Respondent,
v
John E. Coss, Appellant.

Calendar Date: September 5, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Kelly L. Egan, Rensselaer, for appellant.
John L. Hubbard, District Attorney, Delhi (Sean T. Becker of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Delaware County (Lambert, J.), rendered November 9, 2016, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.
Defendant, who had two prior convictions for driving while intoxicated in 2008 and 2010, was charged by felony complaint in 2015 with the class E felonies of driving while intoxicated and aggravated unlicensed operation of a motor vehicle. He waived indictment and consented to be prosecuted by a superior court information (hereinafter SCI) charging him with the class D felony of driving while intoxicated after being convicted of that offense twice in the preceding 10 years, and the class E felony of aggravated unlicensed operation of a motor vehicle.[FN1] Pursuant to a plea agreement, defendant pleaded guilty to both felony counts as charged in the SCI and waived his right to appeal. County Court sentenced him to a prison term of 2 to 6 years on the conviction for driving while intoxicated and a lesser concurrent term on the remaining felony conviction.[FN2] Defendant appeals.
Defendant argues that the SCI was jurisdictionally defective because it contained a charge upon which he was not held for action by a grand jury, as required by the NY Constitution (see NY Const, art I, § 6). "Preliminarily, we note that '[d]efendant's jurisdictional challenge is not precluded by either his guilty plea or his waiver of the right to appeal, and further, is not subject to the preservation requirement'" (People v Jones, 173 AD3d 1569, 1570 [2019], quoting People v Hulstrunk, 163 AD3d 1177, 1178 n [2018]; see People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Zanghi, 79 NY2d 815, 817 [1991]).
Turning to the merits, "[t]he requirement that felony charges be prosecuted by indictment is grounded in the New York Constitution, which, since [it was amended in] 1974, has contained an exception allowing defendants to waive indictment under certain circumstances" (People v Pierce, 14 NY3d at 567; see People v Menchetti, 76 NY2d 473, 476 [1990]). As amended, NY Constitution, article I, § 6 provides in relevant part: "No person shall be held to answer for a capital or otherwise infamous crime . . . unless on indictment of a grand jury, except that a person held for the action of a grand jury upon a charge for such an offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney" (NY Const, art I, § 6 [emphasis added]; see People v Monforte, 33 NY3d 1124, 1125 [2019]; People v Pierce, 14 NY3d at 568). The Legislature implemented this constitutional amendment by enacting CPL article 195 (see L 1974, ch 467), which provides, as pertinent here, that an SCI "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to [CPL] 200.20 and 200.40" (CPL 195.20; see People v Menchetti, 76 NY2d at 476; People v Griffin, 173 AD3d 1203, 1205-1206 [2019]).
The Court of Appeals has construed the phrase "held for the action of a grand jury" as used in both the constitutional and statutory waiver provisions to mean that an SCI may include an offense or offenses charged in a felony complaint or lesser included offenses, but may not include "greater offenses, which have additional aggravating elements" (People v Zanghi, 79 NY2d at 817; accord People v Milton, 21 NY3d 133, 136 [2013]; People v Price, 113 AD3d 883, 884 [2014]). In addition, "[t]he language of CPL 195.20 makes clear that where joinable offenses are included, the [SCI] must, at a minimum, also include at least one offense that was contained in the felony complaint" (People v Zanghi, 79 NY2d at 818 [internal quotation marks omitted]; see People v Seals, 135 AD3d 985, 986 n [2016]). However, the Court of Appeals has expressly left open the question presented here: whether, under CPL 195.20 and consistent with the constitutional waiver provision, an SCI that charges an offense for which a defendant was held for action of the grand jury may also charge a joinable offense which is "higher in grade or degree than the triggering offense" (People v Pierce, 14 NY3d at 574-575; see People v Zanghi, 79 NY2d at 818).
The plain language of the pertinent provision in CPL 195.20 — "and any offense or offenses properly joinable therewith" — does not appear to prohibit such a charge (see People v Pierce, 14 NY3d at 575 n 3; see also Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 195.20 at 202). The First and Fourth Departments have construed this provision to permit an SCI to charge an offense in a higher degree or grade than the triggering offense, provided that it is properly joinable (see People v Guerrero, 158 AD3d 548, 548 [1st Dept 2018], lv denied 31 NY3d 1014 [2018]; People v Ashe, 74 AD3d 503, 503 [1st Dept 2010], affd 15 NY3d 909 [2010]; People v Jordan, 67 AD3d 1406, 1406-1407 [4th Dept 2009]). However, the issue of the relationship between the broadly worded statutory joinder provision and the more limited construction that the Court of Appeals has applied to the constitutional and statutory phrase "held for the action of a grand jury" does not appear to have been raised in those cases. That issue is squarely posed here. Upon review, we conclude that, to avoid inconsistency with the NY Constitution, CPL 195.20 must be interpreted to preclude the inclusion in an SCI of an offense or offenses of a higher grade or degree than the offense or offenses charged in a felony complaint, even when they are properly joinable.
Here, the class E felony of aggravated unlicensed operation of a motor vehicle in the first degree was charged both in the felony complaint and the SCI, thus satisfying the requirement that the SCI must contain at least one offense or lesser included offense that was charged in the felony complaint when a joinable offense is also included (see People v Zanghi, 79 NY2d at 818). The second felony charged in the SCI — driving while intoxicated after being convicted of that offense twice in the preceding 10 years — was properly joinable with the triggering charge of aggravated unlicensed operation of a motor vehicle, as both occurred at the same time and place and were "based upon the same act or upon the same criminal transaction" (CPL 200.20 [2] [a]; see People v Rogers, 94 AD3d 1246, 1248 [2012], lv denied 19 NY3d 977 [2012]). However, driving while intoxicated after being convicted of that offense twice in the preceding 10 years is a class D felony and a greater offense than the class E felony of driving while intoxicated that was charged in the felony complaint (see Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]).[FN3] As defendant was not held for the action of a grand jury on the class D felony, the resolution of this appeal turns upon whether this constitutional requirement applies to joinable offenses included in an SCI pursuant to CPL 195.20.
"[T]he constitutional requirement of prosecution by indictment implicates the personal rights of the defendant as well as a fundamental public right" (People v Menchetti, 76 NY2d at 476). The purpose of the waiver procedure established by the constitutional amendment and CPL 195.20 "is 'to allow a defendant who wishes to go directly to trial without waiting for a grand jury to hand up an indictment to do so'" (id., quoting Mem of State Executive Dept, 1974 McKinney's Session Laws of NY, at 2006-2007), thus speeding the disposition of cases and avoiding unnecessary grand jury proceedings "without infringing upon the defendant's basic rights or the right of society to adequate protection" (People v Menchetti, 76 NY2d at 477 [internal quotation marks and citation omitted]). In serving these purposes, the waiver procedure was intended to strike a balance between judicial efficiency and the constitutional right to prosecution by indictment. That balance would be disturbed if an offense upon which the defendant was not held for the action of a grand jury could be included in an SCI solely because it is joinable with the triggering offense. The constitutional considerations regarding the right to prosecution by indictment that underlie the well-established rule that an SCI may not charge greater offenses than those charged in a felony complaint necessarily apply with equal force to a joinable offense in a higher grade or degree than that charged in the felony complaint.
Notably, the constitutional waiver provision makes no reference to joinable offenses, providing only that prosecution by an SCI is limited to an offense or offenses for which a person is "held for the action of a grand jury upon a charge for such an offense" (NY Const, art I, § 6 [emphasis added]). A literal interpretation of the phrase "any offense or offenses properly joinable therewith" in CPL 195.20 would permit the circumvention of this constitutional imperative by the simple expedient of permitting the inclusion of joinable offenses in a higher degree or grade that were never charged in a felony complaint. Such a statutory interpretation is inconsistent with and undermines the protections provided in NY Constitution, article I, § 6. It is well settled "that the Legislature in performing its law-making function may not enlarge upon or abridge the Constitution" (People v Allen, 301 NY 287, 290 [1950]), and that "courts must avoid, if possible, interpreting a presumptively valid statute in a way that will needlessly render it unconstitutional" (Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d 586, 593 [2013], cert denied 571 US 1071 [2013]).
Applying these principles, we conclude that a joinable offense may not be included in a waiver of indictment and SCI unless that offense, or a lesser included offense, was charged in a felony complaint and the defendant was therefore held for the action of a grand jury upon that charge (see NY Const, art I, § 6; CPL 195.20; contra People v Guerrero, 158 AD3d at 548; People v Ashe, 74 AD3d at 503; People v Jordan, 67 AD3d at 1406-1407). As the SCI here did not comply with that requirement, it is jurisdictionally defective. The judgment of conviction must be reversed and the SCI dismissed (see People v Diego, 172 AD3d 1776, 1777-1778 [2019]; People v Hulstrunk, 163 AD3d at 1178; People v Price, 113 AD3d at 884). "If warranted, further proceedings may be had on the felony complaint in the local criminal court" (People v Seals, 135 AD3d at 987 [internal quotation marks and citation omitted]). Defendant's remaining arguments are rendered academic by this determination.
Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.



Footnotes

Footnote 1: Defendant was also charged with a violation and a traffic infraction, and these offenses were included in the SCI.


Footnote 2: County Court enhanced the sentence after finding that defendant had violated the plea agreement by committing a misdemeanor before sentencing.

Footnote 3: We reject the People's claim that the crime of driving while intoxicated after being convicted of that offense twice in the preceding 10 years in the SCI does not constitute a "greater offense[] which [has] additional aggravating elements" (People v Zanghi, 79 NY2d at 817 [emphasis omitted]). Although both the felony complaint and the SCI charged defendant with violations of Vehicle and Traffic Law § 1192 (3), the felony complaint charged him with violating Vehicle and Traffic Law § 1193 (1) (c) (i), whereas the SCI charged him with violating Vehicle and Traffic Law § 1193 (1) (c) (ii), which has an additional aggravating element.