People v Metcalf (2021 NY Slip Op 01360)





People v Metcalf


2021 NY Slip Op 01360


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Gische, J.P., Singh, Moulton, González, JJ. 


SCI No. 1846/15 Appeal No. 13283 Case No. 2017-1806 

[*1]The People of the State of New York, Respondent,
v
John Metcalf, Defendant-Appellant. 


Janet E. Sabel, The Legal Aid Society, New York (Simon Greenberg of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Cantarero of counsel), for respondent.



Judgment, Supreme Court, New York County (Larry R. C. Stephen, J.), rendered April 27, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second and third degrees, and sentencing him to a conditional discharge for a period of three years, unanimously affirmed.
The superior court information was not rendered jurisdictionally defective by the fact that it included an offense that was not named in the waiver of indictment, but constituted a lesser included offense of a crime named in that document. In the analogous context of offenses not specifically charged in the felony complaint, the Court of Appeals has determined that a lesser included offense is the same offense as the corresponding greater offense (People v Pierce,14 NY3d 564, 568 [2010]; People v Menchetti, 76 NY2d 473, 475-77 [1990]). Accordingly, we see no reason to find a jurisdictional defect in the present context. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021