People v Lesson (2025 NY Slip Op 04821)

People v Lesson

2025 NY Slip Op 04821

Decided on August 28, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 28, 2025

CR-24-0304
[*1]The People of the State of New York, Respondent,
v
Nicholas Lesson, Appellant.

Calendar Date:August 14, 2025

Before:Lynch, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Martin J. McGuinness, Esq. PLLC, Saratoga Springs (Martin J. McGuinness of counsel), for appellant.
Jennifer L. Buckley, Acting District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

Lynch, J.P.
Appeals (1) from a judgment of the County Court of Saratoga County (James Murphy III, J.), rendered March 6, 2023, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree, and (2) from a judgment of said court, rendered March 6, 2023, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
In satisfaction of a six-count indictment, defendant pleaded guilty to attempted rape in the first degree, admitting that he unlawfully entered the home of the victim, who was asleep, in the middle of the night and attempted to forcibly subject her to sexual intercourse. As part of the plea agreement, which contemplated a prison term of six years, to be followed by 15 years of postrelease supervision (hereinafter PRS), defendant executed a waiver of appeal. That guilty plea was part of a global disposition resolving other unrelated charges including a felony complaint charging defendant with burglary in the second degree. Defendant subsequently waived indictment and agreed to be prosecuted by a superior court information (hereinafter SCI) charging him with burglary in the third degree. Defendant then pleaded guilty to burglary in the third degree and executed a waiver of appeal. County Court thereafter imposed the agreed-upon prison term of six years, to be followed by 15 years of PRS, for attempted rape in the first degree, and a one-year (364-day) concurrent jail term for burglary in the third degree. Defendant appeals from both convictions.
Defendant contends that the waiver of indictment was invalid and the SCI charging him with burglary in the third degree was jurisdictionally defective in that they specified a location for the burglary different from that stated in the felony complaint and, given that it was a global disposition, vacatur of both convictions is required. Specifically, defendant points to the fact that the felony complaint states that the crime occurred at a specific street address in the Village of Stillwater in Saratoga County while the waiver of indictment and SCI state that the crime occurred at the same street address in the Town of Stillwater in Saratoga County, a discrepancy not raised before County Court.[FN1] A waiver of indictment must include, as relevant here, "the name, date and approximate time and place of each offense to be charged in the [SCI]," and the SCI may charge "any offense for which the defendant was held for action of a grand jury" and any offenses properly joinable therewith (CPL 195.20). To the extent that there was a variation between the locations, i.e., Town and Village, "the date, approximate time and place of the crime in the waiver of indictment constitute[ ] non-elemental factual information" (People v Morgan-Smith, 182 AD3d 923, 924 [3d Dept 2020], lv denied 35 NY3d 1047 [2020]; see People v Lang, 34 NY3d 545, 568-570 [2019]). The name of the municipal location is not an element of the crime of burglary in the third degree. Moreover, [*2]the waiver of indictment and SCI otherwise included the approximate date range and time, the precise Penal Law violation to be charged, the correct street address as specified in the felony complaint and the county where the crime occurred, as required (see CPL 200.50 [5]).
"[A]n SCI, which is held to the same pleading requirements as an indictment, is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime — for instance, if it fails to allege that the defendant committed acts constituting every material element of the crime charged" (People v Hooker, 230 AD3d 1465, 1467 [3d Dept 2024] [internal quotation marks and citations omitted]). Contrary to defendant's claims, "a purported error or insufficiency in the facts of an indictment or [SCI] to which a plea is taken does not constitute a nonwaivable jurisdictional defect and must be raised in the trial court" (People v Lang, 34 NY3d at 569 [internal quotation marks, brackets and citation omitted]). Further, upon reading the felony complaint, the waiver of indictment and the SCI together, we find that defendant failed to show that he was not provided with adequate notice of the crime charged to prepare a defense and avoid double jeopardy concerns (see People v Thomas, 34 NY3d 545, 569-570 [2019]; People v Perry, 235 AD3d 1041, 1042 [3d Dept 2025], lv denied 43 NY3d 965 [2025]). As defendant pleaded guilty without raising this discrepancy and did not raise any objections to the waiver or SCI, which are not jurisdictionally defective, his claims challenging non-elemental allegations were forfeited by his guilty plea (see People v Lang, 34 NY3d at 569; People v DePace, 235 AD3d 1179, 1180 [3d Dept 2025]; People v Perry, 235 AD3d at 1043; cf. People v Guerrero, 28 NY3d 110, 116 [2016]).
Defendant's further claim — that the waiver of indictment and SCI were jurisdictionally defective in that they did not charge the same crime as the felony complaint or a lessor included offense thereof — survives his guilty plea and waiver of appeal and is not subject to preservation rules (see People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Llewelyn, 221 AD3d 1060, 1060 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]). An SCI must include an offense for which the defendant was held for action of a grand jury or one joinable therewith; the defendant may waive indictment and plead guilty to an SCI that names a different offense from that charged in the felony complaint when the crime named in the SCI is a lesser included offense of the original charge (see CPL 195.20; People v McCall, 216 AD3d 1317, 1318 [3d Dept 2023]). To qualify as a lesser included offense, it must be true that "in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense" (People v McCall, 216 AD3d at 1318 [internal quotation marks and citations omitted[*3]]; see CPL 1.20 [37]). Here, the crime charged in the SCI was burglary in the third degree, for unlawfully entering a building with intent to commit a crime therein in violation of Penal Law § 140.20, which is a lesser included offense of the crime alleged in the felony complaint, burglary in the second degree, for knowingly and unlawfully entering a building with intent to commit petit larceny therein in violation of Penal Law § 140.25 (2). That is, if one enters with intent to commit petit larceny, one necessarily enters with intent to commit a crime.
Defendant's further argument that, had he been indicted on that burglary in the second degree charge and gone to trial, the People would have been required to prove that he entered with intent to commit petit larceny in the dwelling if the indictment limited the People's theory in that manner (see People v Taylor, 163 AD3d 1275, 1276 [3d Dept 2018], lv denied 32 NY3d 1068 [2018]) is misplaced. While true, this does not alter the conclusion that, as charged here, the SCI properly included as a lesser included offense a charge for burglary in the third degree for intent, generally, to commit an unspecified crime in the dwelling. Accordingly, as defendant's challenge to his conviction for burglary in the third degree is rejected, his contention that he is entitled to vacate his guilty plea to attempted rape in the first degree, on the ground that it was part of a global disposition that cannot be honored, lacks merit.
Finally, defendant's challenge to the severity of the agreed-upon aggregate sentence [FN2] is foreclosed by his valid waivers of appeal which were recited as a condition of the global plea agreement and entered into separately in connection with each of the guilty pleas, weeks apart (see People v Lopez, 6 NY3d 248, 256 [2006]). To that end, County Court made clear, during the plea allocutions, that defendant's waiver of appellate rights was separate and distinct from the trial-related rights that he was waiving by his guilty pleas (see id.). Although we previously found this written waiver of appeal to be overbroad (see e.g. People v Pike, 226 AD3d 1216, 1216-1217 [3d Dept 2024]; People v Loya, 215 AD3d 1181, 1182 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Retell, 211 AD3d 1181, 1182 [3d Dept 2022]), here, unlike those proceedings, the court clarified that defendant retained the right to appeal and that appellate review remained available for certain issues that survived the waiver, providing specific examples of nonwaivable issues; the court ascertained that defendant understood that not all appellate issues were foreclosed and had discussed the waiver with defense counsel (cf. People v Bisono, 36 NY3d 1013, 1017 [2020]). Defendant confirmed that he had a full opportunity to discuss his appellate rights with counsel, his questions had been answered and he had no further questions of the court and understood his appellate rights and the consequences of the waiver (see People v Thomas[*4], 34 NY3d at 560; People v Ramos, 7 NY3d 737, 738 [2006]). Given the foregoing, we are satisfied that "the totality of circumstances reveals that the [counseled] defendant understood the nature [and consequences] of the appellate rights being waived" (People v Thomas, 34 NY3d at 559), including "that appellate review remained available for certain issues" (id. at 564; cf. People v Shanks, 37 NY3d 244, 253 [2021]). As such, defendant's challenge to the sentence is precluded.
Ceresia, Fisher, Powers and Mackey, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: Although defendant requested a bill of particulars, he entered a guilty plea before the People responded.

Footnote 2: The definite jail sentence imposed for the burglary in the third degree conviction, a class D felony committed prior to the attempted rape, was ordered to run concurrently with the six-year determinate prison term imposed for the conviction of attempted rape in the first degree, a class C violent felony, and, by operation of law, the jail sentence merged into and was satisfied by the prison sentence (see Penal Law §§ 70.00 [4]; 70.02 [1] [a], [b]; [3] [b]; 70.35).