People v Monegro

2026 NY Slip Op 02460

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Brandon Monegro, Defendant-Appellant.

Decided and Entered: April 23, 2026

SCI No. 70645/23 IND. No. 73093/23|Appeal No. 6458-6459|Case No. 2024-00631 2024-03837|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David K. Klem of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Laurie Peterson, J., at plea; Jonathan Svetkey, J., at sentencing), rendered January 18, 2024, as amended April 10, 2024, convicting defendant of assault in the second degree, and sentencing him, as a second felony offender, to a term of 3 years, unanimously affirmed.

Judgment, Supreme Court, New York County (Marisol M. Alonso, J.), rendered May 7, 2024, convicting defendant, upon his plea of guilty, of assault in the third degree, and sentencing him to a jail term of 9 months, unanimously affirmed.

The charge of disorderly conduct was properly included in the Superior Court Information as a joinable lesser non-inclusory offense, alongside the triggering offense of assault in the second degree, which was charged in the felony complaint (see People v Pierce, 14 NY3d 564, 571 [2010]; People v Fields, 242 AD3d 524, 524 [1st Dept 2025], lv denied 44 NY3d 1065 [2026]). Both charges were "based upon the same act or upon the same criminal transaction" (CPL 200.20[2][a]). The felony complaint alleged that, on March 8, 2022, while on the subway, defendant struck someone "about the head and face with a cane causing bruising, swelling, redness to his face[,] and substantial pain." Accordingly, the SCI properly charged defendant with second-degree assault and disorderly conduct, basing both charges upon this same alleged criminal act. Disorderly conduct is neither "a higher-grade offense than any contained in the felony complaint," nor does it contain "an additional aggravating element" compared to second-degree assault (People v Perkins, 230 AD3d 977, 980 [1st Dept 2024]; see Penal Law §§ 120.05[2], 240.20).

Defendant's contention that his subsequent guilty plea under indictment No. 73093/23 should be vacated in the event this Court reverses his conviction under SCI No. 70645/23 (see People v Fuggazzatto, 62 NY2d 862, 863 [1984]) is rendered moot by this Court's affirmance of that prior conviction (see People v Jean, 186 AD3d 1175 [1st Dept 2020], lv denied 36 NY3d 929 [2020]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026