OPINION OF THE COURT
Chief Judge Lippman.
The primary issue presented by this appeal is whether defendant was required to preserve her claim that her plea was not knowingly and voluntarily entered where she first received notice of the imposition of a term of postrelease supervision (PRS) at sentencing, and submitted to sentencing with the PRS addition. We reverse, vacate the plea, and remit for further proceedings, holding that the court must notify defendant of a term of PRS sufficiently in advance of its imposition that defendant has the opportunity to object to the deficiency in the plea proceeding. In the absence of such an opportunity, preservation is unnecessary.
In 2010, defendant assaulted her friend with a knife and then fled the scene. Shortly thereafter, a police officer noticed defendant pacing back and forth in a parking lot about a mile away. Without asking her any questions, the officer handcuffed defendant and placed her in the back of his patrol car. She then offered to show the officer where she stashed the knife. After *257 locating the knife, the officer arranged a showup identification during which the victim identified defendant as her assailant. Forty minutes after the arrest, defendant was placed in an interrogation room. About 20 minutes later, she waived her Miranda rights and, during light banter with the officers, she confessed to the crime. She added that she committed the crime with the hope that she would go to jail and be killed in prison.
Finding that the arrest lacked probable cause, County Court suppressed the knife and the incriminating statement defendant made in the patrol car. However, County Court did not suppress defendant’s interrogation statements, ruling they were attenuated from the illegal arrest.
Thereafter, defendant pleaded guilty to an indictment charging her with attempted murder in the second degree with the understanding that the court would impose a sentence of 15 years’ imprisonment. The court failed to mention the period of PRS at the plea hearing.
In the middle of the subsequent sentencing proceeding, the following colloquy transpired:
“PROSECUTOR: Judge, I believe — I can’t recall if the post-release supervision period was discussed at the time of plea. I think we should probably make a record of that now so it is clear.
“COURT: I intend to make a five year period of post release supervision.
“PROSECUTOR: Ms. Turner, have you had a chance to talk about that with your attorney?
“DEFENDANT: Yes.
“PROSECUTOR: Do you understand that[ ] that’s part of your plea, at the end of your prison sentence you will be on parole supervision for a period of five years?
“DEFENDANT: Correct.
“PROSECUTOR: You still wish to go through with sentencing today?
“DEFENDANT: Yes.”
County Court imposed the sentence promised at the plea, plus the five years of PRS.
On appeal, defendant argued, among other things, that her plea was involuntary while the People countered that defend *258 ant’s claim was unpreserved for appellate review. The Appellate Division affirmed the judgment. The majority extended the holding in People v Murray (15 NY3d 725 [2010]), ruling defendant’s failure to object to the imposition of PRS, despite her opportunity to do so, rendered her challenge unpreserved (107 AD3d 1543, 1547 [4th Dept 2013]). Noting that defendant indicated that she knew of the PRS term before sentencing was imposed, the majority reasoned that “defendant could have sought relief from the sentencing court in advance of the sentence’s imposition,” and thus “Louree’s rationale for dispensing with the preservation requirement is not presently applicable” (id. at 1547, quoting Murray, 15 NY3d at 727). Two Justices dissented from this ruling,* and this appeal is before us by leave of one of them (21 NY3d 1047 [2013]).
We held in People v Catu that “[a] trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences” (4 NY3d 242, 244-245 [2005]). To meet due process requirements, a defendant “must be aware of the post-release supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action” (id. at 245). Without such procedures, vacatur of the plea is required (id.).
A defendant cannot be expected to object to a constitutional deprivation of which she is unaware. As we recognized in People v Louree, where the defendant was only notified of the PRS term at the end of the sentencing hearing, the defendant “can hardly be expected to move to withdraw [the] plea on a ground of which [he or she] has no knowledge” (8 NY3d 541, 546 [2007]). And, in that circumstance, the failure to seek to withdraw the plea or to vacate the judgment does not preclude appellate review of the due process claim.
The People would have us analogize this case to People v Murray (15 NY3d 725 [2010]), where we held that the defendant’s challenge to his plea on due process grounds was not preserved because he was informed at the plea allocution that he would receive a two-year PRS term, but then was notified at the outset of the sentencing proceeding that he would receive a three-year term. We are not persuaded. The defendant in Murray knew that PRS would be a part of the sentence when he accepted the
*259 plea and was therefore mindful that his imprisonment might be extended if he were to violate the terms of his PRS. Because Murray was notified of the PRS term at the plea allocution, and was advised at the commencement of the sentencing hearing that the PRS term had changed, preservation by an objection was both possible and necessary (see Murray, 15 NY3d at 726-727).
Here, the court did not advise defendant at the time of her plea that her sentence would include any PRS, and only notified her of her PRS term in the middle of sentencing. The same reasoning that applied in Catu and Louree applies here: the defendant did not have sufficient knowledge of the terms of the plea at the plea allocution and, when later advised, did not have sufficient opportunity to move to withdraw her plea. Moreover, the prosecutor, not the court, led the sentencing colloquy and may have misled defendant by telling her that PRS was “part of her plea.”
Turning to defendant’s challenge to the admissibility of her confession, we do not disturb the denial of this branch of the suppression motion. Because application of the attenuation doctrine in this case involves a mixed question of law and fact Csee e.g. People v Divine, 6 NY3d 790, 791 [2006]), the Court may reverse the lower court’s attenuation finding only if there is no evidence in the record to support the decision (see People v Bradford, 15 NY3d 329, 333 [2010]). Here, there is record support for the affirmed finding that the custodial confession was attenuated from the illegal arrest.
Accordingly, the order of the Appellate Division should be reversed, defendant’s plea vacated, and the case remitted to County Court for further proceedings on the indictment.

 The Appellate Division was unanimous in upholding County Court’s suppression ruling.