■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN E. STANTON, Appellant. [26 NYS3d 903]—Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), entered January 6, 2014. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Smith, J.P., Peradotto, Nemoyer, Curran and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. PALMER, Appellant. [26 NYS3d 904]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered February 20, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Ontario County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that reversal of the judgment and vacatur of the plea are required because County Court failed to advise him, at the time of the plea, of the period of postrelease supervision that would be imposed at sentencing. We agree (*see People v Turner*, 24 NY3d 254, 259 [2014]; *People v Catu*, 4 NY3d 242, 245 [2005]; *People v Corsaro*, 128 AD3d 1538, 1538 [2015]). In light of our determination, we do not address defendant's remaining contentions. Present—Smith, J.P., Peradotto, Nemoyer, Curran and Scudder, JJ.