The People of the State of New York, Respondent, 
against
Ralph Turco, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Mario F. Mattei, J.), rendered November 20, 2013. The judgment convicted defendant, upon his plea of guilty, of possession of burglar's tools.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with criminal trespass in the third degree (Penal Law § 140.10 [a]) and possession of burglar's tools (Penal Law § 140.35). On June 11, 2013, while represented by counsel, defendant pleaded guilty to possession of burglar's tools, a class A misdemeanor, and disorderly conduct (Penal Law § 240.20), a violation, in satisfaction of the charges. During the plea allocution, defendant was notified that he would be sent to an education assistance program (the LINC program) and, upon completion of the program, he would receive a conditional discharge. However, the record does not indicate whether the conditional discharge was to be imposed on the plea to possession of burglar's tools or the plea to disorderly conduct, or both. The record also does not indicate how long a period of time defendant was given to complete the program. Yet, the court warned defendant that if he did not complete the program, he would "face a year in jail." While the court did not specifically indicate to which plea the one-year imprisonment would apply, it necessarily applied to the plea to possession of burglar's tools, since, of the two pleas, the only one susceptible to a one-year maximum term of imprisonment was the class A misdemeanor. The court adjourned sentencing to a subsequent date for an update on defendant's progress in the program. 
On November 13, 2013, defendant, who had not yet completed the program, appeared in court, having been incarcerated in the interim for a violation of probation in an unrelated matter. The court vacated defendant's guilty plea to disorderly conduct and sentenced him, on his guilty plea to possession of burglar's tools, to 60 days' incarceration to run concurrently with his term of imprisonment for the violation of probation. On appeal, defendant contends that, although the court informed him of the sentencing consequences should he not complete the education assistance program, it never told him what would happen if he did complete the program, despite its duty to ensure, at the time the plea was entered, that he was aware of all of the terms of the plea agreement. 
Defendant's contention is unpreserved for appellate review since he had ample opportunity to object to the terms of the plea agreement or to move to withdraw his plea before [*2]sentence was formally imposed (see People v Turner, 24 NY3d 254, 258-259 [2014]; People v Costales, ___ Misc 3d ___, 2015 NY Slip Op 25328 [App Term, 2d, 11th & 13th Jud Dists 2015]). In fact, when the sentence was ultimately imposed, defendant told the court that he did not "disagree" with it. In any event, defendant's contention on appeal is belied by the record. The record reflects that, during the allocution, defendant was told that he would receive a conditional discharge if he completed the education assistance program. The record also indicates that defendant discussed the terms of the plea agreement with counsel and that he had, thereafter, authorized counsel to enter the pleas. Additionally, on the date that he entered his guilty pleas, defendant executed a document entitled "Pre-Sentence Conditions," which stated that he would be sentenced to a one-year conditional discharge so long as he completed the LINC program. Accordingly, the judgment of conviction is affirmed.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: April 07, 2016