■ The People of the State of New York, Respondent, v Marcos A. Tapia-Flores, Appellant. [28 NYS3d 629]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered March 14, 2013, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Rory K. Brady for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Michele Marte-Indzonka, Esq., 46 South Plank Road, Newburgh, NY, 12550, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated May 5, 2014, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, inter alia, with respect to the failure of the County Court to inform the defendant of the specific period of postrelease supervision to be imposed (*see People v Turner*, 24 NY3d 254 [2014]; *People v Boyd*, 12 NY3d 390 [2009]; *People v Catu*, 4 NY3d 242 [2005]), the validity of the defendant's waiver of his right to appeal, and, if such waiver is found to be invalid, whether the sentence imposed was excessive (*see People v Bradshaw*, 18 NY3d 257 [2011]; *People v Moyett*, 7 NY3d 892 [2006]; *People v Lopez*, 6 NY3d 248 [2006]; *People v Pelaez*, 100 AD3d 803 [2012]; *People v Suitte*, 90 AD2d 80 [1982]). Accordingly, assignment of new

counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Dillon, J.P., Leventhal, Chambers and Barros, JJ., concur.