People v Hemingway (2018 NY Slip Op 07587)





People v Hemingway


2018 NY Slip Op 07587


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1100 KA 17-00759

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON HEMINGWAY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ELIZABETH RIKER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered January 15, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Onondaga County Court for further proceedings on the indictment.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law
§ 130.50 [1]), defendant contends that reversal of the judgment and vacatur of the plea are required because County Court failed to advise him, at the time of the plea, of the period of postrelease supervision that would be imposed at sentencing. We agree (see People v Turner, 24 NY3d 254, 259 [2014]; People v Catu, 4 NY3d 242, 245 [2005]; People v Palmer, 137 AD3d 1615, 1615 [4th Dept 2016]). In light of our determination, we do not address defendant's remaining contentions.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court