People v Jordan (2019 NY Slip Op 00712)





People v Jordan


2019 NY Slip Op 00712


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


24 KA 17-02056

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRYAN A. JORDAN, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered October 2, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Niagara County Court for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). As defendant contends and the People correctly concede, vacatur of the plea and reversal of the judgment of conviction are required because County Court failed to properly advise defendant, at the time of the plea, of the period of postrelease supervision that would be imposed at sentencing (see People v Turner, 24 NY3d 254, 259 [2014]; People v Catu, 4 NY3d 242, 245 [2005]; People v Jordan, 67 AD3d 1406, 1407-1408 [4th Dept 2009]). Although defendant also contends that his waiver of the right to appeal is invalid, we note that resolution of that issue "is of no moment inasmuch as defendant's contention with respect to postrelease supervision would survive even a valid waiver of the right to appeal" (Jordan, 67 AD3d at 1408). In light of our determination, we need not address defendant's remaining contention.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court