People v Walton (2019 NY Slip Op 08230)





People v Walton


2019 NY Slip Op 08230


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-06080
 (Ind. No. 248/14)

[*1]The People of the State of New York, respondent,
v
Sharrahn Walton, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Kevin P. Gilleece, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (James Hubert, J., at plea; David S. Zuckerman, J., at sentence), rendered May 11, 2016, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea of guilty is vacated, and the matter is remitted to the County Court, Rockland County, for further proceedings.
On November 25, 2014, the County Court placed a proposed plea agreement on the record, which included a promised determinate term of imprisonment ranging from 1 to 3½ years in exchange for the defendant's plea of guilty to the charge of criminal possession of a weapon in the second degree (Penal Law § 265.03[3]). The court informed the defendant that the sentence promise was conditioned upon, inter alia, the defendant not being arrested again prior to the imposition of sentence. Thereafter, the defendant entered a plea of guilty.
At the subsequent sentencing proceeding, the County Court noted that the defendant had been arrested twice for robbery since the entry of his plea of guilty, and had thereby violated the conditions of the plea agreement. The court then imposed an enhanced sentence which included a period of postrelease supervision not previously mentioned at the plea or sentencing proceedings.
Contrary to the People's contention, the defendant was not required to preserve for appellate review his current claim that his plea of guilty was not knowingly, voluntarily, and intelligently entered based on the County Court's failure to mention the postrelease supervision component of his sentence at the plea proceeding, since he had no knowledge of, or opportunity to challenge, that portion of his sentence prior to its imposition (see People v Turner, 24 NY3d 254, 259; People v Louree, 8 NY3d 541, 546; People v Catu, 4 NY3d 242, 245; People v James, 160 AD3d 984, 985; People v Bolivar, 118 AD3d 91, 93-94).
" [A] trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences'" (People v Turner, 24 NY3d at 258, quoting People v Catu, 4 NY3d at 244-245; see People v James, 160 AD3d at 985). "To meet due process requirements, a defendant must be aware of the postrelease supervision [*2]component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action'" (People v Turner, 24 NY3d at 258, quoting People v Catu, 4 NY3d at 245), and "[w]ithout such procedures, vacatur of the plea is required" (People v Turner, 24 NY3d at 258). Here, the record reflects that the defendant was not made aware at the time he entered his plea that the terms of his sentence would include a period of postrelease supervision (see People v James, 160 AD3d at 985), nor did he have a sufficient opportunity to move to withdraw his plea on that basis before the court imposed sentence (see People v Turner, 24 NY3d at 259; People v Bolivar, 118 AD3d at 93-94). Accordingly, the judgment must be reversed, the plea of guilty vacated, and the matter remitted to the County Court, Rockland County, for further proceedings.
In light of our determination, we do not reach the defendant's remaining contentions.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court