People v Benitez (2021 NY Slip Op 03600)





People v Benitez


2021 NY Slip Op 03600


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2020-06982
 (Ind. No. 141/19)

[*1]The People of the State of New York, respondent,
v
Carlos A. Benitez, appellant.


Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered September 4, 2020, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea of guilty is vacated, and the matter is remitted to the County Court, Dutchess County, for further proceedings on the indictment.
"'[A] trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences'" (People v Turner, 24 NY3d 254, 258, quoting People v Catu, 4 NY3d 242, 244-245; see People v Cabrera, 189 AD3d 1609, 1609). "To meet due process requirements, a defendant 'must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action'" (People v Turner, 24 NY3d at 258, quoting People v Catu, 4 NY3d at 245), and "[w]ithout such procedures, vacatur of the plea is required" (People v Turner, 24 NY3d at 258). It is not enough for a court to generally inform a defendant that a term of postrelease supervision will be imposed as a part of the sentence (see People v Boyd, 12 NY3d 390, 393; People v Cabrera, 189 AD3d at 1609). Rather, for a plea of guilty to be knowing, intelligent, and voluntary, the court must inform the defendant of either the specific period of postrelease supervision that will be imposed or, at the least, the maximum potential duration of postrelease supervision that may be imposed (see People v Boyd, 12 NY3d at 393; People v Cabrera, 189 AD3d at 1609).
Here, at the plea proceeding, the County Court did not specify the period of postrelease supervision to be imposed or, alternatively, the maximum potential duration of postrelease supervision that could be imposed. As the People concede, the court's failure to so advise the defendant prevented his plea from being knowing, voluntary, and intelligent. Accordingly, the judgment must be reversed, the plea of guilty vacated, and the matter remitted to the County Court, Dutchess County, for further proceedings on the indictment.
In light of our determination, we do not reach the defendant's remaining contentions.
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court