People v Wolfe (2022 NY Slip Op 04745)

People v Wolfe

2022 NY Slip Op 04745

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2017-12245
 (Ind. No. 69/17)

[*1]The People of the State of New York, respondent,
v
Brian Wolfe, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered October 2, 2017, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the County Court, Dutchess County, for further proceedings on the indictment.
"[A] trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences" (People v Turner, 24 NY3d 254, 258 [internal quotation marks omitted]; see People v Cabrera, 189 AD3d 1609, 1609). "To meet due process requirements, a defendant must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action [and,] [w]ithout such procedures, vacatur of the plea is required" (People v Turner, 24 NY3d at 258 [citation and internal quotation marks omitted]). "It is not enough for a court to generally inform a defendant that a term of postrelease supervision will be imposed as a part of the sentence" (People v Cabrera, 189 AD3d at 1609, citing People v Boyd, 12 NY3d 390, 393). "Rather, for a plea of guilty to be knowing, intelligent, and voluntary, the court must inform the defendant of either the specific period of postrelease supervision that will be imposed or, at the least, the maximum potential duration of postrelease supervision that may be imposed" (People v Benitez, 195 AD3d 739, 740; see People v Cabrera, 189 AD3d at 1609).
Here, at the plea proceeding, the County Court did not specify the period of postrelease supervision to be imposed or, alternatively, the maximum potential duration of postrelease supervision that could be imposed. As the People concede, the court's failure to so advise the defendant prevented his plea from being knowing, voluntary, and intelligent.
Accordingly, the judgment must be reversed, the plea of guilty vacated, and the matter remitted to the County Court, Dutchess County, for further proceedings on the indictment.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court