People v Reyes (2024 NY Slip Op 02547)

People v Reyes

2024 NY Slip Op 02547

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-09251
2022-00908

[*1]The People of the State of New York, respondent,
v
Justino J. Reyes, Jr., appellant. (S.C.I. Nos. 173/19, 112/21)

Gary E. Eisenberg, New City, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Amie M. Johnson of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Dutchess County (Peter M. Forman, J., at plea under Superior Court Information No. 173/19; Jessica Segal, J., at plea under Superior Court Information No. 112/21 and at sentences), both rendered November 30, 2021, convicting him of criminal possession of a controlled substance in the third degree under Superior Court Information No. 173/19, and criminal possession of a controlled substance in the third degree and false personation under Superior Court Information No. 112/21, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgment rendered under Superior Court Information No. 173/19 is reversed, on the law, the plea of guilty is vacated, and the matter is remitted to the County Court, Dutchess County, for further proceedings on the superior court information; and it is further,
ORDERED that the judgment rendered under Superior Court Information No. 112/21 is affirmed.
"'[A] trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences'" (People v Turner, 24 NY3d 254, 258, quoting People v Catu, 4 NY3d 242, 244-245; see People v Cabrera, 189 AD3d 1609, 1609). "To meet due process requirements, a defendant 'must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action'" (People v Turner, 24 NY3d at 258, quoting People v Catu, 4 NY3d at 245). "Without such procedures, vacatur of the plea is required" (People v Turner, 24 NY3d at 258). It is not enough for a court to generally inform a defendant that a term of postrelease supervision will be imposed as a part of the sentence (see People v Boyd, 12 NY3d 390, 393; People v Cabrera, 189 AD3d at 1609). Rather, in order for a plea of guilty to be knowing, intelligent, and voluntary, a court must inform the defendant of either the specific period of postrelease supervision that will be imposed or, at the least, the maximum potential duration of postrelease supervision that may be imposed (see People v Boyd, 12 NY3d at 393; People v Cabrera, 189 AD3d at 1609).
Here, during the plea proceeding under Superior Court Information No. 173/19, the [*2]County Court did not specify the period of postrelease supervision to be imposed and did not explain that a term of postrelease supervision would be imposed even if the defendant successfully completed a substance abuse diversion program. As the People properly concede, the court's failure to so advise the defendant prevented his plea from being knowing, voluntary, and intelligent (see People v Pryor, 217 AD3d 780, 780-781; People v Cabrera, 189 AD3d at 1610). Accordingly, the judgment under Superior Court Information No. 173/19 must be reversed, the defendant's plea of guilty vacated, and the matter remitted to the County Court, Dutchess County, for further proceedings on the superior court information. In contrast, the record establishes that the defendant's plea of guilty under Superior Court Information No. 112/21 was knowing, voluntary, and intelligent (see People v Sougou, 26 NY3d 1052, 1055-1056; People v Braunskill, 206 AD3d 821, 822).
With respect to Superior Court Information No. 112/21, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-265). The County Court did not discuss the appeal waiver until after the defendant had already admitted his guilt (see People v Diallo, 196 AD3d 598, 598), and the court failed to ascertain whether the defendant "understood the nature of the appellate rights being waived" and the consequences of waiving those rights (People v Thomas, 34 NY3d 545, 559; see People v Daniel, 188 AD3d 908, 908). Accordingly, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim. Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court